487 P.2d 394

**STATE of Arizona, Appellee,**

v.

**Howard Gaines HOOPER, Appellant.**

**No. 2178.**

Supreme Court of Arizona,
In Division.

July 30, 1971.

Rehearing Denied Sept. 17, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

The defendant in the instant case pleaded guilty to assault with a deadly weapon, was given a prison sentence, and appeals.

His first contention is that the guilty plea was entered by his attorney rather than by the defendant in person. The record indicates that he originally pleaded not guilty, but that later he appeared in court with counsel, at which time the county attorney filed an amended information containing one count instead of the previous two. Defendant's attorney, in defendant's presence, then stated to the court that the defendant "withdraws his original plea of not guilty and enters a plea of guilty to the amended information in this case."

The judge personally interrogated the defendant at length, clearly establishing that defendant desired to change his plea to guilty. The interrogation also established that he had not been threatened nor had promises been made to him, that he had thoroughly discussed this change of plea with his attorney, and that he knew he had a right to a trial by jury and a right to confront and cross-examine his accusers. The judge then asked defendant whether he had "any question at all concerning your change of plea," to which defendant replied, "No, sir, I don't." The court then found that the change of plea had been "knowingly and voluntarily" made.

Defendant does not deny these facts; he merely argues that his attorney made the plea, whereas only he, himself, could make it. And although the judge ascertained that defendant desired the plea to be changed to guilty, he did not ask the ultimate question: "How do you, the defendant, plead?" We think that this is a triviality too illusory to deserve more than the minimal response that it is abundantly clear the defendant adopted and approved his counsel's plea of guilty made on his behalf.

He argues that the procedure violated a long established rule in Arizona, specifically set out in Rev.Code 1928, Section 5016, which provided:

"A plea of guilty can be put in by the defendant himself only in open court, unless upon indictment or information

against a corporation, in which case it may be put in by counsel. * * *"

The infirmity in defendant's position is that the quoted code section has long been repealed, and replaced by Rule of Criminal Procedure Number 181, 17 A.R.S. in this language:

"Except where defendant is a corporation, a plea of guilty shall not be accepted unless the defendant is present."

Even without the change in language of the statute, we would regard the contention as meritless. We have held:

"When the accused is present in the court room and represented by competent counsel, he is bound by the actions and concessions of his counsel. A knowing and intelligent waiver of a jury trial can be exercised through counsel, and need not be made and announced by defendant personally." State v. Jelks, 105 Ariz. 175, 461 P.2d 473.

■ Defendant urges that the court may not accept the plea of guilty unless it is made with an understanding of the nature of the charge and that this means that the court must ascertain for the record affirmatively the factual basis for the plea. Defendant's position is undoubtedly derived from the construction by the Supreme Court of the United States in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, of Federal Rule 11, Rules of Criminal Procedure. We observe that Federal Rule 11 relates to procedures in the federal courts. Defendant's contention was rejected in the later case of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, in this language:

"Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

We are reluctant to impose upon Arizona the requirement raised by the defendant. In Arizona, the established practice is for the trial court to withhold sentence until an opportunity has been had for the court's probation officer to prepare a presentence report disclosing the facts surrounding the commission of the offense both in mitigation and aggravation. At this point a defendant would be permitted to withdraw his plea of guilty if the report indicated he was not guilty of the substantive offense with which he was charged.

■ Finally, defendant urges a point which we believe has some legal merit. He asserts that the court below at the time of the entrance of the plea of guilty failed to advise him as to the maximum sentence which could be imposed under the plea. We have examined his position in the light of our former decisions and of the decision of the U. S. Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. There it was decided that since by a plea of guilty a defendant surrenders three constitutional rights—the right to remain silent, the right to a jury trial, and the right to confront witnesses against him—the record must affirmatively show that the plea was intelligent and voluntary. We think the decision, by the use of the word "intelligent", must have been intended to be the equivalent of that part of Federal Rule 11 which requires that the federal judge determine that a plea is made with an understanding of the "consequences of the plea."

We have also examined the federal cases construing Rule 11. In at least eight of the eleven federal circuits the words "consequences of the plea" have been held to mean that a defendant is required to have been advised of the highest range of the possible sentence before pleading. *See* Durant v. United States, 410 F.2d 689 (1st Cir.); Jones v. United States, 440 F.2d 466 (2nd Cir.); Berry v. United States, 412 F.2d 189 (3rd Cir.); Pilkington v. United States, 315 F.2d 204, 210 (4th Cir.); James v. United States, 388 F.2d 453 (5th Cir.);

Marshall v. United States, 431 F.2d 355 (7th Cir.); Combs v. United States, 391 F.2d 1017 (9th Cir.); Young v. United States, 433 F.2d 626 (10th Cir.).

In our case, State v. Griswold, 105 Ariz. 1, 457 P.2d 331, we held that Boykin v. Alabama would be applied prospectively only and we have so applied it in numerous cases since. However, the plea in the present case was taken by the court on March 24, 1970, after the date of the Boykin decision June 2, 1969. Since the record does not show that defendant's plea was made with knowledge of the possible consequences, it does not affirmatively appear that it was intelligently made.

The judgment of conviction and the plea of guilty need not necessarily be set aside. Defendant was originally charged with assault with a deadly weapon while armed with a gun. Prior to the entrance of the plea of guilty, the State amended the information to a charge of assault with a deadly weapon. By A.R.S. § 13–249, assault with a deadly weapon is punishable by imprisonment for not less than one nor more than ten years, by a fine not exceeding $5,000, or both. By the same statute, assault while armed with a gun is punishable by imprisonment for the first offense for not less than five years. The maximum punishment for assault while armed with a gun is, of course, whatever number of years more than five which the court may choose to impose as the minimum to an indeterminate sentence.

Since the record reflects that the defendant voluntarily pled guilty to the amended information and he does not urge that he was unaware of the consequences of his plea, we would ordinarily assume that his lawyer advised him of the possible benefits to be derived from a plea of guilty to the reduced charge and, therefore, of the differences in the range of punishments. But, since the record does not affirmatively show that Hooper was advised he could receive up to ten years, we will order that this case be returned to the Superior Court of Maricopa County, with directions that an evidentiary hearing be held to determine whether defendant was advised by his counsel before pleading guilty to the amended information of the possible range of sentence.

If the court below finds that the defendant was adequately informed as to the differences in the penalties, then it will advise this Court by appropriate findings of fact, in which event, if the findings are supported by the evidence, the judgment of conviction will be affirmed. If the court below finds that the defendant was not advised by his counsel of the respective differences in the range of punishments, it is directed to set aside the plea of guilty, reinstate the original information, and expeditiously proceed to trial.

So ordered.

LOCKWOOD and CAMERON, JJ. concur.