523 P.2d 501

**STATE of Arizona, Appellee,**

v.

**Peter Duran ROMO, Appellant.**

**No. 2866.**

Supreme Court of Arizona,
En Banc.

June 19, 1974.

Rehearing Denied Sept. 17, 1974.

Gary K. Nelson, Atty. Gen., by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant plead guilty to a charge of selling heroin to undercover narcotics agents and was thereafter sentenced to not less than fifteen nor more than twenty years in prison. The defendant has an extensive record of arrests and has been continuously in and out of prison most of his adult life. He is also a heroin addict.

It appears that the trial court carefully followed the guilty plea litany. However, defendant contends that the court *sua sponte* should have postponed sentencing for an inquiry into defendant's competency to enter a plea of guilty.

The presentence report reflects that in 1971 and 1972, in relation to a burglary charge against him, defendant was given psychiatric examinations and was placed in the Arizona State Hospital. Ultimately he was sentenced on the burglary charge, as the doctors had indicated that his mental illness was in remission.

Apparently the defendant is urging that the trial court has an obligation to have every person examined by psychiatrists who is facing sentencing and who has had in the past some indication of mental illness. He urges this position even though neither the defendant nor his counsel during the proceedings raised any question as to defendant's competency. We cannot accept this contention as valid.

There is no obligation placed on the trial court by rule, statute or decision which requires an examination into defendant's

competency unless the issue is appropriately raised. Defendant's brief cites State v. Williams, 110 Ariz. 104, 515 P.2d 849 (1973); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966); and Sieling v. Eyman, 478 F.2d 211 (9th Cir. 1973). These cases do not support the proposition urged because in each, the question of competency was raised in the proceedings.

Judgment of conviction and sentence affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.