528 P.2d 834

The STATE of Arizona, Appellee,

v.

Samuel Lee CROWLEY, Appellant.

No. 2858.

Supreme Court of Arizona,
In Banc.
Dec. 4, 1974.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

As a result of an agreement in which charges of burglary and assault with a deadly weapon were dismissed, defendant, Samuel Lee Crowley, waived his right to a jury trial and submitted the matter to the court based upon the preliminary hearing transcript. Defendant was convicted by the court of first degree rape, § 13–611 A. R.S., and sentenced to eighteen to twenty years in prison. From this judgment he appeals.

The issues in the case are as follows:

1. May a submission to the trial court on the preliminary hearing as a part of a plea bargain to dismiss other charges be validly accepted without compliance with the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) regarding pleas of guilty?

2. Was denial of defense motion for examination to determine defendant's competency to stand trial before sentencing an abuse of discretion?

During the early morning hours in December of 1971, a man broke into the house of a young lady in Phoenix, Arizona. He held a knife to the throat of the victim and raped her. He wore an "afro" wig and mask. The victim was able to get a good look at the defendant when the mask was removed and was able to identify him later.

Defendant was arrested on 31 March 1972 and charged with rape, burglary and assault with a deadly weapon. After much delay including numerous continuances, an agreement was reached with the prosecutor and the charges of burglary and assault with a deadly weapon were dropped and the matter submitted on the reporter's transcript of the preliminary hearing.

From a judgment and conviction of guilt and sentence the defendant appeals.

SUBMISSION ON THE PRELIMINARY HEARING TRANSCRIPT AND BOYKIN REQUIREMENTS

On 7 May 1973, the defendant signed and acknowledged the following document:

"WAIVER OF RIGHT TO TRIAL BY JURY AND AGREEMENT TO SUBMIT CASE ON TRANSCRIPT

"Having fully discussed all legal questions and constitutional rights with his attorney, E. REID SOUTHERN, defendant still wishes to plead not guilty but he hereby waives his right to trial by jury and agrees to submit the above captioned case to the Court for judgment on the preliminary hearing transcript and the police departmental report.

"This Waiver is made with the understanding that all charges now pending against him other than the rape charge in the above captioned case will be dismissed at the time of judgment in this matter.

"It is further understood that the Court will allow the defendant to remain on bond pending sentencing."

The record before the court indicates no transcript of a hearing on the motion. We have only the following minute entries:

"Let the record show this matter was submitted to the Court for trial by the Court on the Preliminary Hearing Transcript and by waiver of a jury trial by both sides; the Court having considered the record herein,

"THE COURT FINDS defendant is guilty of Rape, First Degree, a Felony, in the manner and form charged in the Information.

"IT IS ORDERED taking under advisement the State's motion to dismiss Counts II and III of the Information.

"IT IS ORDERED setting this matter for sentencing on June 22, 1973 at 9:00 a. m. in this Division.

"IT IS ORDERED defendant shall report immediately to the Adult Probation Department for presentence investigation.

"IT IS ORDERED Probation Report shall be turned in to this Court June 18, 1973.

"IT IS ORDERED defendant shall remain on bond pending sentencing."

After further continuances the defendant was sentenced on 16 July 1973. The other charges were dismissed as well as an allegation of prior conviction.

■ In a sense the defendant, by submitting the matter on the preliminary hearing transcript, gives up all those rights he waives by a plea of guilty, including the right to trial by jury, right to confrontation, and right to testify in his own behalf. Additionally, when the preliminary hearing transcript shows that the evidence is more than. sufficient to support a finding of guilty, such an agreement has the same effect as a plea of guilty. Further, in this case the agreement to submit the matter on the preliminary hearing transcript was also accompanied by an agreement to dismiss other outstanding charges. The present situation is similar to that described by the California Supreme Court when that court stated:

"* * * The People argue, however, that since defendant asserts on appeal that the evidence introduced at the preliminary hearing was insufficient to support his conviction, the stipulation cannot be found to be tantamount to a plea of guilty. There is no merit in this contention. Not only is the testimony at the preliminary hearing clearly sufficient to support defendant's conviction of violating section 11912 of the Health and Safety Code, (footnote omitted) but neither at the time of the preliminary hearing nor when the stipulation was made was insufficiency of the evidence asserted by defendant. The stipulation was the result of a plea negotiation, and it is clear throughout the proceedings in the trial court that it was assumed by both the People and defendant the stipulation would result in a finding of guilt. * * *" People v. Levey, 8 Cal.3d 648,

105 Cal.Rptr. 516, 518–519, 504 P.2d 452, 454–455 (1973).

Due process requires that the trial court make a record similar to that required by Boykin v. Alabama, supra, to determine if the decision to submit the case on the preliminary hearing transcript was freely, intelligently, and voluntarily made.

■ The trial court must determine, and the record must reflect, that the defendant understood the significance and consequences of submitting the case on the basis of the preliminary hearing transcript. It must affirmatively appear in the record that the defendant knew that he was giving up the right to trial by jury, to testify in his own behalf, to call any witnesses, or to offer any further evidence. The record must reflect that the defendant understood that the whole issue of his guilt or innocence of the offense charged was to be made upon the preliminary hearing transcript.

■ In the instant case the record merely reflects that the defendant "fully discussed all legal questions and constitutional rights with his attorney, * * *." Such a recital does not satisfy the need for a record. State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973). This case must be returned to the trial court for a hearing to determine whether the defendant knew the rights that he was waiving by allowing the matter to be submitted on the preliminary hearing transcript.

## COMPETENCY

■ The presentence report contained the following:

"HEALTH FACTORS:

"The defendant describes his present health as good. He states that at the age of fifteen, he received a minor head injury from a fall and never received any treatment. He states he now suffers from chronic headaches and feels this is the result of his head injury. There is no other history of serious illnesses or injuries.

"The defendant reported that he has had psychiatric treatment in the past. However, he was quite vague as to the dates and places of this treatment. The defendant was asked to supply this Writer with more accurate information regarding his psychiatric treatment.

"However, the only information he could come up with was that he received outpatient care about three times approximately during 1966, in Delaware as an outpatient. He states that these periods of treatment lasted approximately three months. Also, as a result of his recent arrest in Tucson for Indecent Exposure, the defendant has been seeing Dr. Robert Beal for psychiatric counseling. Again, he was asked to supply this Writer with verification of this treatment. However, to date, there has been no response form the defendant regarding this matter."

Other than this reference in the presentence report there is nothing in the record to question defendant's competency to stand trial or be sentenced.

Immediately prior to sentencing on 16 July 1973 defense counsel moved to have Mr. Crowley committed for observation to the Arizona State Hospital. The motion was oral and made as follows:

"THE COURT: Cause Number 71852, State of Arizona versus Samuel Crowley.

You have been charged by the State of Arizona with the crime of Rape, first degree, a felony. To this charge you were found guilty by the Court. Do you have anything to say or legal cause to show why sentence should not now be pronounced?

"THE DEFENDANT: No.

"MR. SOUTHERN: No your Honor, there is no legal cause.

Pursuant to a discussion with the Court earlier I would make a motion before this Court that either prior to sentencing or subsequent to sentencing and prior to commitment by this Court

of Mr. Crowley to the Maricopa County Sheriff, that this Court use its authority under Arizona Revised Statutes 36–509 to have Mr. Crowley committed for observation to the Arizona State Hospital pursuant to the legislative intent of the statute with respect to Mr. Crowley's mental health and his future well being.

The Probation Officer's report and a report that I have discussed briefly with the Court from a Dr. Robert Beal, a psychiatrist, indicate that there is reason to believe that Mr. Crowley needs extensive psychotherapy before there would be any hope of assurance that any anti-social act which he may have committed could be alleviated, and I believe it is within this Court's power to grant that motion, and I ask that the Court do it at this time.

"THE COURT: Motion denied."

We do not believe herein that the question of defendant's competency to be sentenced has been "substantially raised" or to "be in issue" so as to require the court to conduct a hearing prior to sentencing. State v. Decello, 111 Ariz. 46, 523 P.2d 74 (1974); State v. Romo, 111 Ariz. 70, 523 P.2d 501 (1974). At the most the motion raised a question as to defendant's treatment and rehabilitation but not as to his competency to stand trial or be sentenced, and neither Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966) nor Sieling v. Eyman, 478 F.2d 211 (9th Cir. 1973) required the trial court in this case to conduct such a hearing before sentencing.

This cause is remanded to the trial court for a hearing to determine whether the decision by the defendant to submit the cause on the preliminary hearing transcript was freely, intelligently, and voluntarily made. The trial court, after hearing, will make appropriate findings of fact, and if the trial court finds that the defendant was not aware of the rights which he was giving up the court will proceed to try the matter. If the trial court finds that the defendant was aware of the rights that he was waiving in submitting the matter on the preliminary hearing transcript and that the decision was freely and voluntarily made, the trial court will make the appropriate findings and advise this court of such findings.

Remanded with instructions.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.