537 P.2d 1366

**STATE of Arizona, Appellee,**

v.

**Anthony Brent JACKSON, Appellant.**

**No. I CA–CR 995.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 17, 1975.

Rehearing Denied Aug. 8, 1975.

Review Denied Oct. 7, 1975.

Bruce E. Babbitt, Atty. Gen., by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge, Division 1.

On this appeal the defendant Anthony Brent Jackson urges that State v. Crowley, 111 Ariz. 308, 528 P.2d 834 (1974), mandates a reversal of his conviction and sentence because the trial judge did not, prior to accepting a submission of the case on the police reports, advise him of the possible range of punishment provided by statute for the charge involved.

The defendant was charged by information with the crime of burglary (A.R.S. §§ 13–301 and 13–302). At his arraignment, he pleaded not guilty. Thereafter, at the time set for trial, his counsel filed with the court a written "Waiver of Trial by Jury".[1] This waiver was signed by defendant personally, by his counsel, and by the prosecutor. The judge was then advised that the defendant wished to submit the question of his guilt to the judge for decision based upon the departmental reports filed in the matter.

At that point the judge questioned the defendant, ascertaining that he was 18 years of age and possessed a high school diploma, and that no threats, force or promises had been used to persuade him to waive his right to a jury trial and submit the matter to the court for decision. He also questioned defendant's understanding of the submission agreement, as follows:

"Q You have entered into an agreement in this matter wherein you have agreed to waive your right to trial by jury and submit the question of your guilt or innocence to me for decision based solely upon the Departmental Reports that were filed in this matter, is that correct?

"A Yes.

"Q Do you understand that you are giving up not only your right to a trial by jury, you are giving up your right to call any witnesses on your behalf?

"A Yes.

"Q Do you understand also that you are giving up your right to cross-examine the officers?

"A Yes.

"Q Do you understand that you are allowing the matter to be determined by me solely upon these Departmental Reports?

"A Yes, sir."

The judge then expressly found that the defendant had knowingly, intelligently and voluntarily waived his right to trial by jury and had agreed to submit the matter of his guilt or innocence for decision by the court based upon the departmental reports. The judge found the defendant guilty of burglary, second degree, and thereafter sentenced him to a term of not less than two nor more than five years in the Arizona State Prison.

The judgment and sentence were entered in this case subsequent to the filing of the Arizona Supreme Court's decision in State v. Crowley, *supra*. Therefore, this appeal must be decided in the light of the principles established in that decision. In Crowley, as a result of an agreement in which charges of burglary and assault with a deadly weapon were dismissed, the defendant waived his right to a jury trial and agreed to submit the matter to the court based upon the preliminary hearing transcript. The court stated the issue before it as follows:

"May a submission to the trial court on the preliminary hearing as a part of a

---

1. The waiver form was that specified in the Rules of Criminal Procedure, Form XX.

plea bargain to dismiss other charges be validly accepted without compliance with the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) regarding pleas of guilty?" 111 Ariz. at 835, 528 P.2d at 835.

After stating that due process required that the trial court make a record similar to that required by Boykin, the court held that:

"It must affirmatively appear in the record that the defendant knew that he was giving up the right to trial by jury, to testify in his own behalf, to call any witnesses, or to offer any further evidence." 111 Ariz. at 837, 528 P.2d at 837.

Inasmuch as there was no transcript of record of the submission hearing in Crowley, the Arizona Supreme Court then held that the matter must be returned to the trial court for a hearing " . . . to determine whether the *defendant knew the rights that he was waiving* by allowing the matter to be submitted on the preliminary hearing transcript." (Emphasis added).

■ Here a review of the record and the departmental reports[2] upon which the submission was based, reveals that, although no plea bargain was involved, the submission was tantamount to a guilty plea in view of defendant's admissions contained in the departmental reports. From our reading of Crowley, we do not deem the existence or nonexistence of a plea bargain pertinent. The rationale is that a defendant, by agreeing to a submission on a record other than a full-scale trial, gives up certain important constitutional rights, and that it must affirmatively appear in the record that he knew that he was giving up those rights. This same rationale

would indicate that it is immaterial whether, based upon the record involved, the submission was tantamount to a guilty plea, or not. However, if we assume that State v. Payne, 110 Ariz. 506, 520 P.2d 1130 (1974),[3] survives Crowley and remains viable, then, as stated above, the submission here was tantamount to a guilty plea.

■ Reviewing the record, we think it clear that here the trial judge complied with the specific requirements imposed by Crowley concerning a showing in the record of defendant's knowledge of the rights he was waiving by agreeing to the submission. Defendant would have us go further, and extend Crowley so as to require that the judge specifically advise the defendant of the range of possible sentence for the offense, as is required before accepting a guilty plea. *See* Rule 17.2(b), Rules of Criminal Procedure, 17 A.R.S. Defendant has cited no authority which would support the imposition of this additional requirement, and we have not discovered any. The specific requirements imposed in Crowley are for the purpose of making certain that a defendant clearly understands that as a consequence of a proposed submission, he will be giving up his right to trial by jury, and that the whole issue of his guilt or innocence will be decided upon the submitted record. The imposition of additional requirements which do not bear upon the attainment of those purposes is not logically or legally justified.

The judgment and sentence are affirmed.

JACOBSON, P. J., and EUBANK, J., concur.

---

2. Initially the departmental reports, although examined by the trial judge, were not made a part of the record. When this omission was brought to this Court's attention, we entered our order, pursuant to Rule 31.8(h), 17 A.R.S., allowing the trial court to supplement the record.

3. State v. Payne was filed prior to Crowley, but, not cited in Crowley.