561 P.2d 306

STATE of Arizona, Appellee,

v.

Jeral Leon WOODS, Appellant.

No. 3628.

Supreme Court of Arizona,
In Banc.

Feb. 22, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edmund T. Allen, III, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Jeral Leon Woods, was charged with violation of A.R.S. § 36–1002.-01, possession of narcotic drugs for sale. He waived his right to a jury trial and submitted the case on five exhibits. He was found guilty, sentenced to fourteen to fifteen years in the state prison, and appeals. Jurisdiction of the appeal was accepted pursuant to Supreme Court Rules, Rule 47(e)(5), 17A A.R.S.

Appellant's claims of error arise out of these facts. On April 4, 1975, a complaint was filed charging Woods with possession and sale of narcotics. A preliminary hearing was commenced on May 7. On May 29, before the preliminary hearing was completed, an indictment was returned. The indictment alleged two counts in violation of A.R.S. § 36–1002.01, possession of narcotics for sale. The preliminary hearing was never continued. Appellant was arraigned on the indictment and trial was ultimately set for December 1. On that date, appellant informed the court of his intention to submit the case to the court on five exhibits, namely, a police departmental report, an unsworn statement by Sandra Rieck, an unsworn statement by Ronald Matthews, the grand jury transcript, and the preliminary hearing transcript.

The court informed the appellant of rights he was waiving and questioned him to be sure he understood the consequences. It did not advise the appellant of the possible punishments he might receive upon a finding of guilt. The county attorney did inform the court in appellant's presence that he would not oppose a sentence which ran concurrently with the federal sentences appellant was currently serving. In the federal district court, appellant had been sentenced to three concurrent sentences of five to fifteen years.

Appellant attempted to represent himself at the time of sentencing.* He urges that he requested a pre-sentence hearing in an exchange which took place in court on February 2, 1976, between the appellant, the sentencing judge and the public defender. Apparently the court did not recognize the appellant's remarks as a request for a pre-sentence hearing. Consequently, the judge immediately passed sentence.

Appellant's conviction is based on these facts. Ronald Matthews, a Minnesota resident, offered to help the Minneapolis police

---

\* A public defender was appointed to counsel and advise appellant.

apprehend narcotics dealers. Apparently Matthews had previously dealt with appellant and knew that he was a substantial dealer in narcotics in Phoenix. The Minneapolis police contacted the Phoenix police about Matthews' offer and, pursuant to an understanding, Matthews helped the Phoenix police make a case against appellant. While the attempt was being made to obtain evidence against appellant, Matthews and his girl friend stayed at a local motel. The police bugged both the room and telephone with Matthews' permission. After numerous conversations in the motel room or on its phone and after the payment of front money, a sale was set up and eventually appellant was arrested in Matthews' room with a pound of heroin and a pound of cocaine in his possession.

█ Appellant first urges that the Rules of Criminal Procedure do not provide authority to supersede a preliminary hearing, once commenced, by an indictment of a grand jury. It is his position that such is prohibited by the principle of priority set out in *Wilson v. Garrett*, 104 Ariz. 57, 448 P.2d 857 (1969). *Wilson*, however, does not apply to the choice of the prosecution to proceed by indictment or by information. *Wilson* prohibited the prosecution from filing a complaint and initiating a preliminary hearing in one precinct on the same acts as had been dismissed after a hearing in a different precinct. *Wilson* specifically excluded indictments from the holding of the decision.

█ Irrespectively, appellant urges that it is improper for a grand jury indictment to supersede a complaint and preliminary hearing where the hearing has already commenced. Appellant's argument does not accord with our previous decisions. In *State v. Gonzales*, 111 Ariz. 38, 523 P.2d 66 (1974), we held that an indictment properly supersedes a complaint, even when preliminary hearing has been set. In *Wilson v. Garrett*, supra, we held that an indictment for the same acts is proper even when the complaint has been dismissed after a hearing. The appellant has not here attempted to, nor do we know of any reason to, distinguish his case from *Gonzales* and *Wilson*. The grand jury indictment superseded the preliminary hearing and the trial court had jurisdiction over the appellant.

The appellant next urges that the submission of his case on the transcripts, statements and the police departmental report was tantamount to a guilty plea. As a consequence, he contends, the court must advise him of and determine that he understands the maximum range of possible sentences.

In *State v. Gaines*, we said:

"In *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974), we held that an agreement by the parties to submit the matter on the preliminary hearing transcript, when such an agreement is tantamount to a plea of guilty, requires compliance with the mandates of *Boykin* [*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).] We have also held that when the submission is not tantamount to a guilty plea the requirements of *Boykin* do not apply. * * *" 113 Ariz. 206, 207, 549 P.2d 574, 575 (1976).

While we have not spoken on when a submission on the record is tantamount to a guilty plea, California has given this problem extensive consideration. *In re Mosley*, 1 Cal.3d 913, 83 Cal.Rptr. 809, 464 P.2d 473, *cert. denied*, 400 U.S. 905, 91 S.Ct. 144, 27 L.Ed.2d 142 (1970). In *Mosley*, a case was submitted to the court for decision on the basis of the preliminary hearing transcript alone. The defendant did not testify at the preliminary hearing, but his lawyer cross-examined the victim. The court held that a submission is not necessarily tantamount to a guilty plea and that each case must be viewed in light of its particular facts, saying:

"Reference to the facts of the particular case is necessary. We can conceive of many cases wherein submission on the transcript of the preliminary examination would in no way have the practical effect of a guilty plea. Purely by way of example and without intending any limitation, we include among these the following: (1) a case wherein the preliminary exami-

388

nation involved substantial cross-examination of prosecution witnesses and the presentation of defense evidence, and (2) a case wherein the facts revealed at the preliminary examination are essentially undisputed but counsel seeks to make an argument to the court as to the legal significance to be accorded them." 1 Cal.3d at 924–25 n.9, 83 Cal.Rptr. at 815 n.9, 464 P.2d at 479 n.9.

The *Mosley* court further held:

"We do not hold in this case that a defendant's submission of his case to the trial court on the transcript of the preliminary examination is *ipso facto* tantamount to a plea of guilty. As we have pointed out (fn. 9, *ante*, and accompanying text), there are many instances in which such submission would *not* have the same practical effect as a guilty plea. Our decision is simply that where, as in the instant case, the defendant submits his case on a transcript of the preliminary hearing which under the circumstances can offer him no hope of acquittal, such submission is tantamount to a plea of guilty and must be accompanied by the constitutional and statutory safeguards which such a plea entails." *Id.* at 927, 83 Cal.Rptr. at 817, 464 P.2d at 481.

In *People v. Hobbs*, 10 Cal.App.3d 831, 89 Cal.Rptr. 123 (1970), it was held the submission did not have the practical effect of a guilty plea because in the justice court prosecution witnesses were extensively cross-examined and the defendant testified in the Superior Court specifically denying the charge. In *People v. West*, 15 Cal.App.3d 1015, 93 Cal.Rptr. 496 (1971), the court found the submission was not tantamount to a guilty plea because at the preliminary hearing there was vigorous cross-examination of prosecution witnesses and because the defendant testified in the Superior Court that he acted in self-defense.

■ In the case before us, we think the submission clearly is the equivalent of a guilty plea. It is true, the preliminary hearing transcripts and the statements of Matthews and Rieck contain extensive cross-examination, but this is not sufficient

to change the submission into an adversary proceeding. The appellant neither argued the legal significance of the facts nor presented any defensive evidence.

Moreover, the record shows that the submission was by agreement between the State and appellant. A discussion in court related to appellant's sentence. The prosecution stated that it would not oppose a sentence concurrent with appellant's federal sentence. The totality of the circumstances shows this proceeding was not in any sense a trial, and the record, when fairly read, offers no hope that there could be an acquittal.

■ The State relies on *State v. Jackson*, 24 Ariz.App. 308, 537 P.2d 1366 (1975), as authority that appellant need not be advised of the maximum range of the possible sentence when a submission is tantamount to a guilty plea. We reject the holding in *Jackson*.

In *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974), we held that when a submission on transcripts or other materials amounts to a guilty plea, compliance with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is necessary. In *State v. Hooper*, 107 Ariz. 327, 487 P.2d 394 (1971), we stated that *Boykin* mandated that the record must reflect that a guilty plea was intelligently made. We concluded that this required that the defendant must be advised of the maximum sentence.

"We think the decision, by the use of the word 'intelligent', must have been intended to be the equivalent of that part of Federal Rule 11 which requires that the federal judge determine that a plea is made with an understanding of the 'consequences of the plea.'

We have also examined the federal cases construing Rule 11. In at least eight of the eleven federal circuits the words 'consequences of the plea' have been held to mean that a defendant is required to have been advised of the highest range of the possible sentence before pleading." 107 Ariz. at 329, 487 P.2d at 396.

We also hold that when a submission to a trial court for decision amounts to a guilty plea, Rule 17.2, Rules of Criminal Procedure, 17 A.R.S., applies.

Rule 17.2 provides:

"[T]he court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\*   \*   \*   \*   \*   \*

 b.  The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;" *Id.*, Rule 17.2(b).

█ Since there is no indication in the record that appellant was informed of the range of sentence as required by *Hooper* and Rule 17.2(b), this case is remanded to the trial court for a determination as to whether the appellant had been otherwise apprised of the sentencing information set forth in Rule 17.2(b) prior to the court's determination of guilt. If the court below finds that the appellant was adequately informed as to the possible penalties, then it will advise this Court by appropriate findings of fact, in which event, if the findings are supported by the evidence, the judgment of conviction will be affirmed. Since the sentence must be set aside for the reason hereinafter stated, the court below will then proceed to a pre-sentence hearing and resentence appellant.

If the court below finds that the appellant was not adequately advised pursuant to Rule 17.2(b), all proceedings subsequent to and including the submission for determination of guilt will be set aside and the prosecution will continue from that point.

Appellant finally urges that the court failed to hold a pre-sentence hearing as required by the Rules of Criminal Procedure, Rule 26.7(a).

Rule 26.7(a) provides:

"When the court has discretion as to the penalty to be imposed, it may on its own initiative, and shall on the request of any party, hold a pre-sentencing hearing at any time prior to sentencing."

The appellant states that while he was not familiar with the technical provisions of the rule, it is clear from the record that he asked for a hearing in order to introduce psychological materials on his mental health. The State answers that the record does not reveal any request for a hearing. But we think it does.

The record is as follows:

"THE DEFENDANT: All right. I also state I was making notes while I was back in my cell, that in the Presentence Report, they talk about me being insane. I wonder if I could have a psychiatrist, a psychiatrist take an observation of me and a 30-day continuance on this.

\*   \*   \*   \*   \*   \*

THE COURT: Your request is based on something that's contained in the Presentence Report; is that right?

THE DEFENDANT: Uh-huh.

THE COURT: Counsel, as Mr. Woods' advisory counsel, do you have anything further to present in connection with the request for an evaluation pursuant to 26.5 prior to sentencing?

[COUNSEL FOR APPELLANT]: I think, Your Honor, the report does infer in some instances, \*   \*   \*

\*   \*   \*   \*   \*   \*

THE DEFENDANT: I would like to have 30 days, then, to get my papers from Oregon, physiology—psychological papers from Oregon to refer back to this.

\*   \*   \*   \*   \*   \*

THE COURT: Are you speaking of diagnostic evaluations that would assist the Court in determining sentencing?

THE DEFENDANT: Yes, Sir.

THE COURT: Or are you speaking about your mental competency to understand the nature of the proceedings against you—

THE DEFENDANT: No.

THE COURT: —and to assist in the presentation of your defense?

Is it the former in connection with sentencing?

THE DEFENDANT: Yes, sir, with the sentencing.

THE COURT: It is ordered denying the request of the Defendant for the diagnostic evaluation and further ordered denying the request of the Defendant to continue the time for sentencing."

 It is clear that appellant requested a Rule 26.5 mental health examination and that the court acted within its discretion in denying it. But it also appears appellant was requesting time to get psychological reports that were compiled in Oregon to refute the statements in the pre-sentence report in regard to his mental health. That the appellant did not make a formal request for a pre-sentence hearing may explain the confusion of the trial judge, but it is not justification for denial of a hearing.

It is clear that in the present case the appellant wanted to present material which he believed would affect the sentencing. The court should have taken the appellant's request as a request for a pre-sentencing hearing in which the appellant would have had the opportunity to present any evidence which he believed would mitigate the severity of the offense.

Reversed for proceedings consistent with this opinion.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.