561 P.2d 1229

**STATE of Arizona, Appellee,**

v.

**Robert Eugene SCHAEFER, Appellant.**

**No. 3634.**

Supreme Court of Arizona,
In Banc.

March 2, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crane

McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Robert Eugene Schaefer, was charged with assault with a deadly weapon and submitted his case to a superior court judge upon the preliminary hearing transcript. The superior court judge found him guilty of the offense of exhibiting a deadly weapon other than in self-defense, a violation of A.R.S. § 13–916, and Schaefer appeals.

On March 7, 1976, Schaefer was visiting a young woman who lived in a dormitory at Arizona State University. Also present was Kim Marston, a male friend of the girl. For some reason, an explanation for which does not appear in the record, Schaefer pulled out a knife, held it up about level with his face and pointed generally in the direction of Marston, stating, "I like to kill people." Marston asked the appellant to put the knife away. Schaefer almost immediately left the room but continued to exhibit the knife until he had gone out the door. Appellant urges that the submission of his case on the preliminary hearing transcript amounted to a guilty plea and, consequently, the trial court erred when it failed to advise him of his privilege against self-incrimination and of the sentencing consequences of a finding of guilt.

In *State v. Woods,* 114 Ariz. 385, 561 P.2d 306 (decided February 22, 1977), we quoted from *In re Mosley,* 1 Cal.3d 913, 83 Cal. Rptr. 809, 464 P.2d 473, *cert. denied,* 400 U.S. 905, 91 S.Ct. 144, 27 L.Ed.2d 142 (1970), that a submission on the basis of a preliminary hearing transcript is not necessarily tantamount to a guilty plea. We quoted with approval the language:

"Our decision is simply that where, as in the instant case, the defendant submits his case on a transcript of the preliminary hearing which under the circumstances can offer him no hope of acquittal, such submission is tantamount to a plea of guilty and must be accompanied by the constitutional and statutory safeguards which such a plea entails." *Id.* at 927, 83 Cal.Rptr. at 817, 464 P.2d at 481.

Defense counsel, at the time of submitting the case on the preliminary hearing transcript, argued to the court for an acquittal.

"THE COURT: [Counsel for Defendant], are there comments you would like to make by way of closing argument?

[COUNSEL FOR DEFENDANT]: Yes, Your Honor. I feel that there has been no crime committed here at all, no showing there was any unlawful attempt coupled with the present ability to commit any injury on the victim involved here. The assault has to be that unlawful attempt.

I think the testimony shows Mr. Schafer [sic] merely held the weapon up and said, "I like to kill people." There was no threat made toward Mr. Marston. In fact, I think he testified that he felt nervous, not really in fear of his life.

In the alternative, if the Court does find any sort of unlawful act at all, I think the testimony at the most shows merely an exhibiting of weapon, not self defense, not the assault."

■ We find the submission was not tantamount to a guilty plea, and therefore the court below did not err in failing to advise the defendant of his privilege against self-incrimination and the sentencing consequences of a finding of guilt. *State v. Payne,* 110 Ariz. 506, 520 P.2d 1130 (1974).

■ However, we are convinced from an examination of the record that the conviction for the offense of exhibiting a deadly weapon other than in self-defense, a violation of A.R.S. § 13–916, must be set aside. An assault with a deadly weapon, prohibited by A.R.S. § 13–249, can be carried out without an exhibition of the weapon. Consequently, exhibiting a deadly weapon other than in self-defense is not an included of-

fense within the charge of assault with a deadly weapon. And see *State v. Butrick,* 113 Ariz. 563, 558 P.2d 908 (decided December 28, 1976), in which this Court determined that § 13–916 was not an included offense with aggravated assault while armed with a deadly weapon, A.R.S. § 13–245(A) and (C).

Judgment of conviction reversed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.