566 P.2d 683

**STATE of Arizona, Appellee,**

v.

**Martin Sepeda GARCIA, Appellant.**

No. 3645.

Supreme Court of Arizona,
In Banc.

June 9, 1977.

Bruce E. Babbitt, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Robert S. Golden, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Appellant, Martin Sepeda Garcia, was convicted, after submission on the record, of aggravated battery designated a misdemeanor in violation of A.R.S. §§ 13–241 and 13–245(A). He was sentenced to six months probation, one condition being that he serve two weeks and ten weekends in the county jail. A timely notice of appeal was filed and we take jurisdiction under rule 47(e)(5), 17A A.R.S., Supreme Court Rules. The cause is remanded.

An information filed October 15, 1975 charged appellant with aggravated battery and he entered a plea of not guilty. At the preliminary hearing on October 8, 1975 the court denied appellant's motion to dismiss due to lack of evidence that appellant knew or had reason to know his opponents were police officers, and probable cause was found. On January 19, 1976, appellant agreed to waive his right to trial by jury and to submit the issue of guilt or innocence to the trial court based solely upon the police department report and the reporter's transcript of the preliminary hearing.[1] The court approved the waiver of

---

1. Apparently the court actually considered only the departmental report and did not consider the transcript. This distinction, however, is irrelevant to the pertinent rule.

jury trial and immediately entered judgment finding appellant guilty. During these proceedings no mention was made of appellant's privilege against self-incrimination nor of the range of possible punishment.

Appellant argues that his submission was tantamount to a guilty plea and that under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974) his waiver and submission were not knowingly, voluntarily and intelligently made, thereby requiring remand. Under the circumstances of this case, we agree.

The rule in Arizona is that when a submission is tantamount to a guilty plea:

"Due process requires that the trial court make a record similar to that required by *Boykin v. Alabama*, supra, to determine if the decision to submit the case on the preliminary hearing transcript was freely, intelligently, and voluntarily made." *State v. Crowley*, supra, at 311, 528 P.2d at 837.

Thus it must affirmatively appear on the record that the defendant was aware of his right to remain silent and of the range of possible sentence.

We find the submission here to be tantamount to a guilty plea. While the evidence presented at the preliminary hearing was not conclusive on the issue of guilt (i.e., it, alone, would not be tantamount to a guilty plea), the addition of incriminating statements[2] in the police departmental report resulted in the submission being tantamount to a guilty plea.

For this reason, the trial court should have advised appellant about waiving his Fifth Amendment right to remain silent. In such circumstances, we suggest the trial court explain to the defendant that if he goes to trial he will have a constitutional right to remain silent and he cannot be forced to take the stand to give evidence against himself; if, however, he submits the matter to the court and the police departmental report contains admissions or incriminating statements, he will be giving up this right. The trial court also should have informed appellant of the range of possible sentence. *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977); *State v. Hooper*, 107 Ariz. 327, 487 P.2d 394 (1971); rule 17.2(b), Rules of Criminal Procedure, 17 A.R.S.

The trial court did not inform appellant of these two matters; nor does the record show that his submission was made with knowledge of his right to remain silent or of the possible sentencing consequences. Therefore, it does not affirmatively appear that the submission, here tantamount to a guilty plea, was knowingly, voluntarily and intelligently made as required by *Boykin v. Alabama*, supra, and *State v. Crowley*, supra.

For the foregoing reasons, we will order that the cause be remanded to the Superior Court of Maricopa County with directions that an evidentiary hearing be held to determine whether or not appellant was aware, prior to his submission, of his Fifth Amendment right to remain silent and of the possible range of sentence. The trial court should then report its findings of fact to this Court within 30 days of the issuance of the mandate.

Remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

**2.** Parenthetically we must point out that the State's brief argues the report contains no admissions or statements by appellant. While this assertion may be technically correct, the report's paraphrase of appellant's threats is equally sufficient to raise Fifth Amendment problems.