568 P.2d 417

**STATE of Arizona, Appellee,**

v.

**Jeral Leon WOODS, Appellant.**

**No. 3628.**

Supreme Court of Arizona, In Banc.

Supplemental Opinion July 15, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edmund T. Allen, III, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Jeral Leon Woods was found guilty of possession of a narcotic drug for sale, a violation of A.R.S. § 36–1002.01. He appealed. This Court by a written opinion on February 22, 1977, 114 Ariz. 385, 561 P.2d 306, reversed for proceedings consistent with the opinion. On consideration of Woods' claims of error, we found that there was no indication in the record that appellant was informed of the range of sentence as required by Rule 17.2(b). We held:

"If the court below finds that the appellant was not adequately advised pursuant to Rule 17.2(b), all proceedings subsequent to and including the submission for determination of guilt will be set aside and the prosecution will continue from that point."

and:

"If the court below finds that the appellant was adequately informed as to the possible penalties, then it will advise this Court by appropriate findings of fact, in which event, if the findings are supported by the evidence, the judgment of conviction will be affirmed."

On June 9, 1977, the Superior Court found that Woods was advised by his attorney that the range of incarceration which could be imposed by the court was from a minimum of five years to a maximum of fifteen years and that he would have to serve a minimum of five years in prison before release. However, Woods was not advised of the provisions of the sentencing statutes which provide for probation or the imposition of a fine. The Superior Court concluded that Woods was adequately advised of the range of possible sentence that could be imposed. We agree with the Superior Court.

Rule 17.2(b) requires that the court shall address the defendant to determine whether he understands the nature and range of possible sentence for the offense, including any special conditions regarding sentence, parole or commutation imposed by statute. The objection which Woods makes is that he was not advised that he would be committed to the Department of Corrections if he were placed on probation. He further complains that he was not told he could receive a fine of up to $50,000.00.

Woods' objections are wholly without merit. He was sentenced to from fourteen to fifteen years in the state prison. He was neither placed on probation nor was he fined. His sentence was therefore within the range of possible sentence as he was told by his attorney. Since the special conditions concerning probation and a fine

**112**

were not applicable, Woods was not misled into waiving his right to a jury trial and submitting the case on the five exhibits referred to in our opinion.

The judgment of conviction is affirmed and this cause is remanded to the Superior Court for resentencing.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.