570 P.2d 488
**STATE of Arizona, Appellee,**

v.

**Martin Sepeda GARCIA, Appellant.**

No. 3645.

Supreme Court of Arizona,
In Banc.

Sept. 26, 1977.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Robert S. Golden, Asst. Atty. Gen. by Thomas Simon, Maricopa County Deputy Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

Supplemental Opinion

PER CURIAM:

Appellant, Martin Sepeda Garcia, was convicted of aggravated battery after a submission on the record. In an earlier opinion, we determined that appellant's submission was tantamount to a guilty plea and remanded to the trial court for an evidentiary hearing to determine whether appellant had been made aware of his privilege against self-incrimination and the range of possible punishment prior to making his submission. *State v. Garcia*, 115 Ariz. 535, 566 P.2d 683 (1977).

While the prosecutor and the appellant's current attorney appeared for the evidentiary hearing, neither the appellant nor the attorney who had represented the appellant on the date of the submission were present.[1] In the absence of these two witnesses who could have given material evidence on these issues, the trial judge was unable to conduct the required hearing and reported back to this Court that he was unable to make any findings of fact.

---

1. Neither the appellant nor his prior attorney (who at the time of the evidentiary hearing, resided in Florida) was subpoenaed by any party.

The trial judge did, however, make statements indicating that it was his opinion that it was the responsibility of the appellant, not only to appear himself, but to insure the appearance of his ex-attorney at the hearing. We disagree.

 It is well established that the burden of proof in a criminal case is always on the state. *Sisson v. State,* 16 Ariz. 170, 141 P. 713 (1914); *State v. Beers,* 8 Ariz.App. 534, 448 P.2d 104 (1969). This burden extends to cases where the factual question is whether a guilty plea was made voluntarily and intelligently. *United States ex rel. Crosby v. Brierley,* 404 F.2d 790 (3rd Cir. 1968); *Munich v. United States,* 337 F.2d 356 (9th Cir. 1964). In most circumstances the party who had the burden of proof also has the burden of producing the evidence. McCormick on Evidence § 337 (2d Ed. 1972). Hence, in this case, the burden was on the prosecution to insure the attendance of any witness, including the appellant, who could have provided material evidence at the hearing.[2]

Since the state failed to produce any evidence on the matter, it still does not affirmatively appear in the record that the appellant was aware of his rights. See *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974); *State v. Garcia,* supra.

Hence, it is ordered that the cause be remanded to the Superior Court with instructions that the appellant be given the opportunity to withdraw his guilty plea and enter a plea of not guilty if he so desires.

---

2. The prosecution could easily have subpoenaed the appellant's ex-attorney under the Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings. A.R.S. §§ 13–1861—1866.