573 P.2d 888

The **STATE of Arizona, Appellee,**

v.

**Timothy MALONE, Appellant.**

**No. 2CA–CR 1057.**

Court of Appeals of Arizona, Division 2.

Oct. 7, 1977.

Rehearing Denied Nov. 25, 1977.

Review Denied Jan. 4, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

The sole question presented here is whether appellant was adequately advised before submission of this case based on the evidence presented at a juvenile transfer hearing, to the grand jury, and at a suppression hearing. Appellant's position is that the submission was tantamount to a guilty plea whereas the state argues that it was not, or alternatively, if it was, appellant was sufficiently advised.

Since appellant was a juvenile at the time the subject offenses were committed, a hearing was held in juvenile court which resulted in his transfer to stand trial as an adult. On February 10, 1976, he was arraigned on rape and first degree burglary charges. Subsequently, by motion to suppress, appellant challenged the voluntariness of certain statements made by him and the seizure of certain physical evidence. On October 6 and 7, 1976, a suppression hearing was conducted and on October 8, the court found that appellant's statements to law enforcement officers were voluntarily made and denied both motions to suppress.

On October 26, 1976, the date set for a court trial, the case was submitted to the court on the evidence from the motions to suppress, the testimony previously heard by the court, the grand jury transcript and disclosures, and the transfer hearing transcript. Appellant, the attorneys, and the court, executed a waiver of trial by jury form and the record reflects the following colloquy between appellant and the court:

"THE COURT: And you do understand that on the charges that are filed against you in this case, Count I, first degree rape and Count 2, first degree burglary, that you do have an absolute right to a trial by jury.

APPELLANT: Yes, sir.

THE COURT: And you do understand that at that trial, it would require twelve jurors unanimously to find you guilty. Do you understand that?

ANSWER: Yes.

THE COURT: And that by submitting the matter to the Court for its determination, you are putting that issue of innocence or guilt strictly in my determination. Do you understand that?

ANSWER: Yes.

THE COURT: And you do understand that at a trial by jury you would be entitled to require the State to start from the beginning and prove all of the elements of the crimes and to present all of its evidence to the jurors and that, my understanding that by waiving your right to a jury trial, the attorneys are going to ask me to consider the testimony I've already heard on the motions, and the evidence that was admitted on the motions and submit the Grand Jury transcript testimony to me and other evidence to determine your innocence or guilt. Do you understand that?

ANSWER: Yes.

THE COURT: The Court finds the defendant's waiver is being made knowingly and voluntarily and intelligently and the Court accepts defendant's waiver of trial by jury."

The record also reflects that appellant waived his appearance for the court's pronouncement of his guilt or innocence. By minute entry order dated October 26, 1976, the court found appellant guilty of both offenses.

■ The threshold question is whether the submission was tantamount to a guilty

plea.[1] When the submission on the record is not equivalent to a guilty plea, the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), are not applicable; the only requirement is that the record show that the defendant was advised that he was giving up his right to trial by jury and that the whole issue of guilt or innocence would be decided on the submitted record. *State v. Gaines,* 113 Ariz. 206, 549 P.2d 574 (1976).

In *State v. Woods,* 114 Ariz. 385, 561 P.2d 306 (1977), the Supreme Court held that when a submission is tantamount to a guilty plea, the defendant must be advised of the range of possible sentences. In *State v. Garcia,* 115 Ariz. 535, 566 P.2d 683 (1977), the court held that when a submission is tantamount to a guilty plea, the court should advise the defendant of the range of possible sentence and his privilege against self-incrimination.

■ We have reviewed the record submitted to the trial court and find that the circumstances could offer appellant no hope of acquittal. Therefore, the submission was tantamount to a guilty plea. *State v. Woods,* supra.

■ Appellant was not advised of the range of possible sentence or his privilege against self-incrimination. The state argues, however, that *Woods* and *Garcia* should not be given retroactive effect. Division One of this court has held otherwise. *State v. Encinas,* 117 Ariz. 137, 571 P.2d 283 (1977); *State v. Widmer,* 116 Ariz. 415, 569 P.2d 845 (1977). However, *State v. Garcia,* supra, appears to apply *Woods* retroactively. See also, *State v. Hooper,* 107 Ariz. 327, 487 P.2d 394 (1971).

■ Under *State v. Woods,* supra, and *State v. Garcia,* supra, the trial court committed error in failing to inform appellant of the range of possible sentence and the right against self-incrimination. Therefore,

this case must be remanded to the trial court for an evidentiary hearing to determine whether or not appellant was aware of his right to remain silent and of the range of possible sentence.

Remanded for proceedings consistent with this opinion.

RICHMOND, J., concurs.

HOWARD, Chief Judge, dissenting.

I am unable to agree with the majority and am further unable to agree with the distinguished judges in Division One of this court. I do agree that *State v. Garcia,* supra, applies *Woods* retroactively but it does not appear that the question of retroactivity was raised in *Garcia.* I believe Division One was correct when it originally held in *Encinas* and *Widmer* that the rule enunciated in *Woods* was not retroactive on the basis of the reasoning in *State v. Stenrud,* 113 Ariz. 327, 553 P.2d 1201 (1976). The facts here clearly demonstrate why *Woods* should not be retroactive. Judge Buchanan, prior to taking the case under advisement followed the requirements of *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974), by advising appellant as to the consequences of submitting the case to the court upon the record. According to *Crowley* this was all that due process required. From reading *State v. Garcia,* supra, one would conclude that *Crowley* required all *Boykin* elements be explained to the defendant but this is not so. *Crowley* specifically set forth what was required and it did *not* include the possible range of sentence and the right against self-incrimination:

"The trial court must determine, and the record must reflect, that the defendant understood the significance and consequences of submitting the case on the basis of the preliminary hearing transcript. It must affirmatively appear in the record that the defendant knew that

---

1. Division One of this court in *State v. Cantu,* 116 Ariz. 432, 569 P.2d 862 (1977), suggested that any distinction as to the nature of the submission, i. e., whether tantamount to a guilty plea or not, should be immaterial since guilt on the submission is determined solely on

the evidence adduced at prior proceedings and whether the submission was tantamount to a guilty plea must not be determined until the record has been reviewed. See also: Chief Justice Cameron's dissent in *State v. Gaines,* 113 Ariz. 206, 549 P.2d 574 (1976).

he was giving up the right to trial by jury, to testify in his own behalf, to call any witnesses, or to offer any further evidence. The record must reflect that the defendant understood that the whole issue of his guilt or innocence of the offense charged was to be made upon the preliminary hearing transcript." 111 Ariz. 311, 528 P.2d 837.

Contrary to the implications of *Garcia, State v. Woods,* supra, was a significant departure from prior Arizona law and in my opinion, should not be applied retroactively.