571 P.2d 662
**STATE of Arizona, Appellee,**
v.
**Frank R. ENCINAS, Appellant.**
**No. 4015–PR.**
Supreme Court of Arizona, En Banc.
Oct. 25, 1977.

Bruce E. Babbitt, Atty. Gen. by Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Debus, Busby & Green, Ltd. by Jordan L. Green and Robert J. Lyman, Phoenix, for appellant.

HAYS, Justice.

Appellant Frank R. Encinas was indicted in April, 1974, for one count of sale of a narcotic drug, in violation of A.R.S. § 36–1002.02. A second indictment for two counts of the same offense came in February, 1976. He came before the Superior Court of Maricopa County in April, 1976, waived a trial by jury and submitted the issue of his guilt or innocence on the contents of one exhibit in each cause number, a police departmental report. The trial court never advised Encinas of the possible range of sentence, nor of the special parole provisions of § 36–1002.02.

Appellant was found guilty, sentenced and timely appealed the convictions and sentences. The issue raised before the Court of Appeals was that the failure of the trial judge to advise appellant of the sentence range and special parole provisions made the submission involuntary and unintelligent in disregard of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974).

In *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977), this court found that submitting the issue of guilt or innocence on a record less than a full-blown trial many times is

tantamount to a plea of guilty. We held, therefore, that when that is the case, the appellant must be advised, pursuant to *Boykin, supra; Crowley, supra;* and A.R.S. Rules of Criminal Procedure, rule 17.2, of the rights he is foregoing and the possible sentences he might receive.

Although aware of the *Woods* decision, the Court of Appeals felt it was a new rule governing submission cases and that, therefore, it would have to determine whether to apply *Woods* retroactively to appellant's situation.* The result of its determination was that retroactive effect would not be given, and appellant's convictions and sentences were affirmed. That opinion was filed in May, 1977.

In June, 1977, the Supreme Court announced its decision in *State v. Garcia,* Ariz., 566 P.2d 683 (1977). There, we determined that the submission to the trial court on the basis of a police departmental report and preliminary hearing transcript amounted to a guilty plea. Based on *Boykin, supra; Crowley, supra;* and *Woods, supra,* we held it was reversible error for the trial court to fail to advise the defendant that he was foregoing his right against self-incrimination, where he had made incriminating remarks and they were contained in the departmental report, and to fail to advise him of the sentencing range.

After appellant filed a motion for rehearing, the Court of Appeals reversed itself in August, 1977, believing that in *Garcia* the Supreme Court was applying *Woods* retroactively. It reversed appellant's convictions and remanded the case to the Superior Court. No discussion of retroactivity or prospectivity of the *Woods* decision was made in *Garcia,* however.

The State of Arizona filed a petition for review of the August opinion in this court and we granted it in order to clarify the problem for all the parties.

■ It is our opinion that *Woods* did not announce a new rule; it merely made clear-

er the rule previously announced in *Crowley. Crowley* held that *Boykin* applied to submissions which were tantamount to a guilty plea. Previously we had held that a guilty plea could not be intelligent or voluntary under *Boykin* unless the defendant had been advised of the maximum range of sentence. *State v. Hooper,* 107 Ariz. 327, 487 P.2d 394 (1971). *Woods* merely combined the holdings of *Hooper, Crowley* and, of course, *Boykin.*

Consequently, it was unnecessary for us to address the issue of the retroactivity of *Woods* in *Garcia.* The law had been established since *Crowley. See also State v. Janise,* 116 Ariz. 557, 570 P.2d 499, filed October 5, 1977.

■ The issue now becomes, does *Crowley* apply to appellant's submission of the April, 1974, charge for which he was indicted before *Crowley,* but which he submitted long after the decision in *Crowley* was made? In *State v. Smith,* 112 Ariz. 321, 541 P.2d 918 (1975), we held that *Crowley* could not be retroactively applied to a judgment and sentence rendered two months before that opinion was issued. This case is clearly different from *Smith.* It cannot even be compared to a case which is pending on appeal when a new rule of law is established. The actual submission herein took place one year and four months after *Crowley* was decided. Under these circumstances, we cannot say that appellant was not entitled to be advised, pursuant to *Boykin* and *Crowley,* of the rights he was foregoing and the consequences of what was tantamount to a plea.

The opinion of the Court of Appeals is vacated. We order the cause be remanded to the Superior Court and direct an evidentiary hearing be held to determine whether appellant was aware, prior to submission, of the possible range of sentence and special parole provisions of A.R.S. § 36–1002.02. The trial court shall then report its findings of fact to this court within 30 days of the issuance of the mandate.

---

* The Court of Appeals correctly determined that the facts in this matter amounted to a submission which was tantamount to a guilty plea.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.