551 P.2d 556

**STATE of Arizona, Appellee,**

v.

**Willie Joe OFFING, Appellant.**

Nos. 3133, 3134 and 3135.

Supreme Court of Arizona,
In Banc.

June 30, 1976.

Bruce B. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Rice, Phoenix, for appellant.

GORDON, Justice:

The appellant, Willie Joe Offing, was convicted (Cause No. 84623) of the crime of robbery (count I) in violation of A.R.S. §§ 13–641 and 13–643 and the crime of assault with a deadly weapon or force (count II) in violation of A.R.S. § 13–249. His probation on two prior armed robbery convictions (Cause Nos. 77420 and 77435) was then revoked. He was sentenced to a term of not less than five nor more than six years on count II, and terms of not less than ten years nor more than life on count I and each of the previous armed robbery convictions, all sentences to run concurrently. We granted appellant's motion to consolidate all three matters on appeal.

■ The appellant contends that his waiver of a jury trial and submission of both counts of this case to the trial court on the basis of the preliminary hearing transcript and police report was not knowingly, voluntarily and intelligently made. We agree. Where as in this case, "the preliminary hearing transcript shows that the evidence is more than sufficient to support a finding of guilty, such an agreement has the same effect as a plea of guilty." *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974). As we stated in *Crowley:*

"Due process requires that the trial court make a record similar to that required by *Boykin v. Alabama*, supra, to determine if the decision to submit the case on the preliminary hearing transcript was freely, intelligently and voluntarily made.

"The trial court must determine, and the record must reflect, that the defendant understood the significance and consequences of submitting the case on the basis of the preliminary hearing transcript. It must affirmatively appear in the record that the defendant knew that he was giving up the right to trial by jury, to testify in his own behalf, to call any witnesses, or to offer any further evidence. The record must reflect that the defendant understood that the

whole issue of his guilt or innocence of the offense charged was to be made upon the preliminary hearing transcript." *State v. Crowley,* 111 Ariz. at 311, 528 P.2d at 837.

The record does not affirmatively show that Offing knew he was giving up the right to testify in his own behalf, to call any witnesses, offer any further evidence and that the whole issue of his guilt or innocence of the offense charged was to be made upon the preliminary hearing transcript. His conviction on both counts must, therefore, be reversed.

■ The appellant also alleges that he was denied due process by virtue of the trial court's failure in numerous respects to follow the guidelines laid down by the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), during the proceedings to revoke his probation on the prior armed robbery convictions. We need not deal with this contention, however, as our reversal of the appellant's conviction on both counts of this case leaves his admission of the allegations in the "Petition[s] to Revoke Probation" without any factual basis. See *Boy-*

*kin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Williker,* 107 Ariz. 611, 491 P.2d 465 (1971). The petitions in both matters read:

"This [probation] Officer is informed and has reason to believe that the defendant has violated the conditions or regulations as follows:

"Term # 1: Defendant has received a verdict of guilty by the Court of Count I, Robbery, a Felony, and Count II, Assault by Means Likely to Produce Great Bodily Injury, Open-End, in Criminal Division B. This constitutes a violation of the conditions and regulations of probation.[1]

Having reversed the judgment of the trial court in its finding of guilt in the present case, we are compelled to vacate the orders of the trial court which relied exclusively on an admission of the convictions when revoking probation.

Judgments reversed; orders revoking probation vacated; remanded for a new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

1. Term #1 of the "Conditions and Regulations of Probation" states "[t]he defendant's conduct shall at all times be as a law-abiding citizen."