569 P.2d 845

**STATE of Arizona, Appellee,**

v.

**David Ellsworth WIDMER, Appellant.**

**No. 1 CA–CR 1782.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 22, 1977.

Supplemental Opinion Aug. 9, 1977.

Rehearing Denied Sept. 14, 1977.

Review Denied Oct. 4, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for appellant.

OPINION

WREN, Judge.

The defendant, David Widmer, was found guilty of the crime of possession of marijuana, after a submission of the matter to the court on the basis of the preliminary hearing transcript and departmental report. He was given five years probation, with the condition that he be committed to the Department of Corrections for 180 days. On appeal, defendant urges that his submission on the record was tantamount to a guilty plea and was not, therefore, a voluntary and intelligent act because he was not informed of the range of possible sentence for possession of marijuana, nor of the fact that he was waiving his right against self-incrimination.

In *State v. Jackson,* 24 Ariz.App. 308, 537 P.2d 1366 (1975), this Court expressly held that when a defendant submits his case on departmental reports, there is no requirement that he be advised of the range of possible sentence. The opinion noted that this was not set forth as a requisite in *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974), and the Court would not extend *Crowley* to add such a requirement, even though the submission was tantamount to a guilty plea by virtue of the defendant's admissions contained in the departmental reports.

More recently, in *State v. Hiralez,* 27 Ariz.App. 393, 555 P.2d 362 (1976), this Court held that *State v. Jackson,* supra, was not overruled by the Supreme Court in *State v. Gaines,* 113 Ariz. 206, 549 P.2d 574 (1976), and that *Gaines* contained no suggestion of any expansion of the requirements of *State v. Crowley,* supra. We again hold with *Jackson,* therefore, that the failure of the trial court to inform the defendant of the minimum and maximum penalty for his offense was not error.

We next consider whether the failure to specifically inform his that he was waiving

his right against 'self-incrimination rendered the submission invalid. When the preliminary hearing transcripts contain evidence more than sufficient for a finding of guilt, *Crowley* stated that a submission based on such a record is tantamount to a guilty plea and therefore required a record *similar* to that required in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The requisite findings were specifically set forth:

"The trial court must determine, and the record must reflect, that the defendant understood the significance and consequences of submitting the case on the basis of the preliminary hearing transcript. It must affirmatively appear in the record that the defendant knew that he was giving up the right to trial by jury, to testify in his own behalf, to call any witnesses, or to offer any further evidence. The record must reflect that the defendant understood that the whole issue of his guilt or innocence of the offense charged was to be made upon the preliminary hearing transcript." *State v. Crowley,* 111 Ariz. at 311, 528 P.2d at 837.

It is to be noted that the inquiry by the court relates only to those constitutional guarantees which are lost by *not going to trial.* The right against self-incrimination is not mentioned as one of the rights waived on a submission, and such a right in our opinion is not waived other than by a plea of guilty or no contest.

The defendant here urges that we follow the holding of the California Supreme Court, that upon a submission to the court the defendant must be informed of and knowingly waive his right against self-incrimination. *People v. Levey,* 8 Cal.3d 648, 105 Cal.Rptr. 516, 504 P.2d 452 (1973). It is obvious that the California courts have adopted a much stricter standard for submissions on preliminary hearing transcripts

than have the Arizona courts. California requires a record identical to that required by *Boykin,* with a specific and express showing on the face of the record that the defendant understood each constitutional right and waived it. *People v. Levey,* supra. Arizona, on the other hand, has followed a "common sense" approach to submissions and looks at the record to see if its reflects an understanding of rights and a knowing waiver. *State v. Eliason,* 25 Ariz. App. 523, 544 P.2d 1124 (1976).

We choose not to follow *Levey* and agree with the conclusions expressed by Chief Judge Haire in *Jackson* that:

"The specific requirements imposed in *Crowley* are for the purpose of making certain that a defendant clearly understands that as a consequence of a proposed submission, he will be giving up his right to trial by jury, and that the whole issue of his guilt or innocence will be decided upon the submitted record. *The imposition of additional requirements which do not bear upon the attainment of those purposes is not logically or legally justified.*" 24 Ariz.App. at 310, 537 P.2d at 1368. (Emphasis added).

A defendant charged with a criminal offense, even though obviously guilty, may submit the question of his guilt or innocence on the record instead of pleading guilty for a variety of reasons, not the least of which is to preserve certain non-jurisdictional defenses, such as a denial by the court of a motion to suppress. See *State v. Lerner,* 113 Ariz. 284, 551 P.2d 553 (1976).

We do not agree that a submission involves a waiver of the right against self-incrimination, even when the evidence of guilt is overwhelming. A major distinction between a guilty plea and a submission is that in a guilty plea situation, the court addresses the defendant personally to establish through him a factual basis for the plea.[1] The defendant must then answer the judge's inquiries as to his involvement in

1. Rule 17.3 Duty of court to determine voluntariness and intelligence of the plea

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court and determine that he

wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement) and that there is a factual basis for the plea.

the crime charged. In the submission context, the defendant is not required to give any testimony or statements against himself whatsoever. Guilt is determined solely on the evidence adduced at prior proceedings and any departmental reports submitted to the court. The fact that the reports may contain incriminating statements of defendant does not metamorphose the submission to a guilty plea.

In *State v. Gaines,* supra, the Supreme Court noted a distinction between a submission tantamount to a guilty plea and one that was not, and stated that the former required "compliance with the mandate of *Boykin*", while the latter necessitated only the due process requirements that the defendant be advised that he was giving up his right to trial by jury and that guilt or innocence would be decided on the submitted record. While we find it difficult to distinguish these requirements of due process from those set forth in *Crowley,* we find no expression in *Gaines,* or in Chief Justice Cameron's dissent therein, that the *Crowley* warnings should be expanded to include the *full Boykin* warnings of self-incrimination and the range of possible sentences. Cf. *State v. Offing,* 113 Ariz. 287, 551 P.2d 556 (1976), wherein these were again eliminated from an extensive enumeration of the due process and *Crowley* requirements on a submission which had "the same effect as a plea of guilty," and where the defendant had contended that the plea was not "knowingly, voluntarily and intelligently" made.

We find it noteworthy that the court in *Crowley* referred to the holding of the California Supreme Court in *People v. Levey,* supra; then stated that a record similar to that required by *Boykin* was needed on a submission tantamount to a guilty plea; and then specifically enumerated the applicable rights without even mentioning self-incrimination or the range of sentences. In other words, only the *Boykin* rights applicable to a submission proceeding on a plea of not guilty were set forth as the requirements.

The dissent suggests that the Arizona Supreme Court has equated the *full* re-quirements of *Boykin* to a submission tantamount to a guilty plea. In the recent decision of *State v. Butrick,* 113 Ariz. 563, 558 P.2d 908 (filed December 28, 1976), the Supreme Court, in referring to *Crowley,* said:

"There we were talking about the defendant doing something tantamount to pleading guilty, and, in view thereof, determined that the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), should apply to the situation."

We do not read this statement to mean that *Crowley* intended that all *Boykin* rights apply to submissions tantamount to a guilty plea. The *Butrick* case did not involve a submission but only a waiver of a jury, and the passing reference to *Crowley* was purely dicta. The Court's statement cannot be construed as an authoritative interpretation of the *Crowley* holding.

Clearly the waiver of rights must be made at the time of the submission. If it is in fact tantamount to a guilty plea, by whom is that determination to be made and when? In *State v. Payne,* 110 Ariz. 506, 520 P.2d 1130 (1974), the Arizona Supreme Court rejected the defendant's contention that there was no evidence upon which the court could acquit, noting that the only evidence in the submitted record was the testimony of the ten-year-old victim, and that such testimony was vague and uncertain, and further noting that the trial court had the question of guilt on the submitted record under advisement for eighteen days. It follows that unless the trial court is required to accept, and does accept, defendant's stipulation, if one is made at all, that the record clearly indicates guilt, the court would have to delay any reference to self-incrimination or the range of possible sentences until it had determined whether the submission was tantamount to a guilty plea. This determination, we can clearly note from judicial experience, might take several weeks. In instances where the defense has some expectation that an experienced trial judge might not find the defendant guilty beyond a reasonable doubt (to use the lan-

guage of *Payne* ), and the court later determines that the evidence is more than sufficient to support a finding of guilty (to use the language of *Crowley* ), must the court then summon the defendant and advise him of the possible range of sentence and that he waived his right against self-incrimination?

We agree with the statement in the *Gaines* dissent that whether a submission is or is not tantamount to a plea of guilty is difficult to draw and that *Crowley* should apply to either. *See also* the comment in *State v. Jackson,* supra, that it is immaterial whether the submission on the record was tantamount to a guilty plea or not. We would also add that any distinction becomes even more difficult when attempted by an appellate court whose function is not to weigh the evidence and resolve the inferences. However, a distinction between a submission on the record under a "not guilty" plea and the entry of a "guilty" plea should remain. The two are materially different and factually inconsistent. To wipe out this differentiation might well permit defendants to pervert the salutary purpose of *Boykin* and ambush trial courts into highly technical errors.

We, therefore, hold that the right against compulsory self-incrimination should play no part of the *Boykin* rights required by a submission on the record. The rights which are released are fully delineated in *Crowley* and contain the required *similarity* to *Boykin.*

The judgment and sentence are affirmed.

EUBANK, J., concurs.

SCHROEDER, Presiding Judge, dissenting:

The Court holds that the record in this submission need not have reflected the defendant's understanding of his full rights or of the consequences of his submission, including the range of possible sentences which might be imposed. It does so despite repeated statements of our Supreme Court that where a submission is "tantamount to a guilty plea," a full record similar to that required for guilty pleas under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is required, and despite the open acknowledgement by both parties that the submission here was "tantamount to a guilty plea." Such a result in my opinion is both unsound and illogical.

Beginning with *State v. Payne,* 110 Ariz. 506, 520 P.2d 1130 (1974), the Arizona Supreme Court in a series of cases has distinguished between submissions which are "tantamount to a guilty plea" and those which are not. In *State v. Payne,* the court held that where the submission was not tantamount to a guilty plea, where there was some expectation of acquittal, the requirements of *Boykin v. Alabama* need not be followed. It was sufficient that the defendant be advised that he was giving up his right to a jury trial and that his guilt or innocence would be based solely upon the transcript of the preliminary hearing.

Later that year in *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974), the court reversed a conviction after submission on the basis of the preliminary hearing transcript, holding that the court did not adequately advise the defendant of the rights he was relinquishing in the submission. *See also State v. Offing,* 113 Ariz. 287, 551 P.2d 556 (1976).

A close reading of Justice Cameron's opinion in *Crowley* reveals that the court considered the submission there to be one that was equivalent to a guilty plea, and that in such a case the requirements of *Boykin* must be met.

> "Due process requires that the trial court make a record similar to that required by *Boykin v. Alabama,* supra, to determine if the decision to submit the case on the preliminary hearing transcript was freely, intelligently, and voluntarily made." (111 Ariz. at 311, 528 P.2d at 837).

The court cited, with what I believe to be approval, the decision of the California Supreme Court in *People v. Levey,* 8 Cal.3d 648, 105 Cal.Rptr. 516, 504 P.2d 452 (1973), a decision which the majority today rejects. Later, in *State v. Sardo,* 112 Ariz. 509, 543

P.2d 1138 (1975), the court explained *Crowley* as follows:

"*Crowley* requires that it must affirmatively appear in the record that defendants knew the significance and consequences of submitting the case on the basis of the record as well as knowingly and intelligently waiving applicable constitutional rights." (112 Ariz. at 512, 543 P.2d at 1141).

In *State v. Gaines,* 113 Ariz. 206, 549 P.2d 574 (1976), the court once again was dealing with a submission which it concluded was not tantamount to a guilty plea. As in *State v. Payne, supra,* it held that the record being considered was sufficient, but only because the submission was not tantamount to a guilty plea. The court in *Gaines* stated:

"In cases in which the submission on the record is not equivalent to a guilty plea, the requirements of *Boykin* are not applicable, but the requirements of due process necessitate that there be a knowing waiver of the constitutional rights relinquished by such submission. It is necessary that the record show that the defendant was advised that he was giving up his right to trial by jury and that the whole issue of guilt or innocence would be decided on the submitted record." (113 Ariz. at 207, 549 P.2d at 575).

Our Supreme Court has only recently reaffirmed, in an explanation of *Crowley,* that the requirements of *Boykin* must be met where the submission is tantamount to a guilty plea:

"[In *Crowley*] we were talking about the defendant doing something tantamount to pleading guilty, and, in view thereof, determined that the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), should apply to the situation." *State v. Butrick,* 113 Ariz. at 566, 558 P.2d at 911 (filed December 28, 1976).

This distinction between types of submissions thus means that the requirements of *Boykin v. Alabama, supra,* apply at least in those submissions that can be considered tantamount to a guilty plea. In this case, both the parties agreed that the submission was tantamount to a guilty plea; there was no expectation that the defendant would be found not guilty.

I recognize that today's decision merely follows this Court's prior decision in *State v. Jackson,* 24 Ariz.App. 308, 537 P.2d 1366 (1975), which held that the full requirements of *Boykin* did not apply in a submission tantamount to a guilty plea. That decision, and to a certain extent some dicta in *State v. Hiralez,* 27 Ariz.App. 393, 555 P.2d 362 (1976), rested upon what I now believe to be an improper application of *State v. Crowley, supra. Crowley* held that because in that submission, tantamount to a guilty plea, the defendant had not been advised of certain fundamental matters, the case had to be reversed. It did not hold that the record need reflect an understanding only of those matters, since *Crowley* also went on to state that in a case tantamount to a guilty plea, the record must be similar to that required by *Boykin.*

*Boykin v. Alabama,* clearly requires that in guilty pleas, the defendant be advised of all rights being waived and the consequences of the plea, including the range of sentence. *See State v. Hooper,* 107 Ariz. 327, 487 P.2d 394 (1971); *State v. Jackson,* 17 Ariz.App. 533, 499 P.2d 111 (1972). *Boykin* rested upon the perceived need to minimize the risk of ignorance, incomprehension, and subtle or blatant threats or inducements which might improperly affect the defendant's decision to plead guilty. 395 U.S. at 242, 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279. Nothing in our Arizona decisions or in the briefs presented here suggest that such risks disappear when a defendant submits on the basis of the preliminary hearing transcript.

The distinction between different types of submissions is based upon a practical recognition that some submissions are in fact virtually indistinguishable from a guilty plea, while others are not. However, it is true that when this distinction is applied to individual cases it requires the appellate court to second guess the motivations of the defendant, a process which is

burdensome and fraught with uncertainty. Justice Cameron in his dissent in *State v. Gaines, supra,* persuasively argues that to avoid such problems, a full record should be made in all submissions. In my opinion, there is much force in this position and indeed it has been adopted by the Supreme Court of California in *Bunnell v. Superior Court of Santa Clara County,* 13 Cal.3d 592, 119 Cal.Rptr. 302, 531 P.2d 1086 (1975).

The majority's focus on the question of waiver of right against self-incrimination highlights still another problem in the existing decisions. Is there a material difference between a submission tantamount to a guilty plea and a guilty plea? The majority holds that submissions never involve any waiver of the right against self-incrimination and that therefore a defendant need not be advised of it. Regardless of the merits of that position, I seriously question whether this Court can properly so hold in the light of the authorities stating that some submissions are tantamount to guilty pleas, and that in such cases *Boykin* requirements apply. *See People v. Levey, supra,* discussed by our Supreme Court in *Crowley,* which held that a submission did involve a waiver of the right against self-incrimination and was therefore tantamount to a guilty plea. *See also* the court's recent language in *State v. Butrick, supra,* 113 Ariz. 563, 558 P.2d 908. I can see no legal basis for today's holding that a submission tantamount to a guilty plea materially differs from a guilty plea.

It is possible, of course, that our Supreme Court may expressly determine that submissions and guilty pleas are materially different in all cases, and that only the minimal record required by the majority's decision today should suffice in any submission. However, at the present time, the Supreme Court has not so held, and to my knowledge no policy justifications for such a result have been squarely raised by litigants or confronted by that court. Until our law is definitively clarified either by Supreme Court opinion or by rule, I do not believe that this Court should hold that a significantly lesser standard than that required for guilty pleas should apply to submissions.

I, therefore, respectfully dissent.

WREN, Judge.

Appellant, on Motion for Rehearing, directs our attention to the recent Supreme Court's decision of *State v. Woods,* 114 Ariz. 385, 561 P.2d 306 (1977). The Supreme Court in *Woods* held that when a submission is tantamount to a guilty plea, the defendant must be advised of the range of possible sentence. In the Supreme Court's most recent pronouncement on the submission question, a unanimous court held that under the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974), "it must affirmatively appear on the record that the defendant was aware of his right to remain silent and of the range of possible sentence." *State v. Garcia,* No. 3625, filed June 9, 1977, slip opinion at p. 3. These holdings conflict squarely with our opinion in this case and a remand is mandated.

Under *State v. Woods,* supra and *State v. Garcia,* supra, the trial court committed error in failing to inform appellant of the range of possible sentence and of the right against self-incrimination. See, *State v. Encinas,* (Supplemental Opinion 1 CA-Cr 2127/2128 filed August 4, 1977). Therefore, the case must be remanded to the trial court for an evidentiary hearing to determine whether or not the appellant was aware of his right to remain silent and of the range of possible sentence.

Remanded for proceedings consistent with this opinion.

SCHROEDER, P. J., and EUBANK, J., concur.