246 P.3d 352

**STATE of Arizona, Appellee,**

v.

**Ariane Centa Dema BUNTING, Appellant.**

**Nos. 1 CA–CR 09–0738, 1 CA–CR 09–0740.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 25, 2011.

---

Thomas C. Horne, Arizona Attorney General By Kent E. Cattani, Chief Counsel And Katia Mehu, Assistant Attorney General,

Criminal Appeals/Capital Litigation Section, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Terry J. Adams, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

BROWN, Judge.

¶ 1 The trial court found Ariane Centa Dema Bunting guilty of the crime of misconduct involving weapons based on a submitted record. The court advised Bunting of her right to a jury trial, which she waived, but the court did not inform Bunting of any other rights she would be giving up by submitting her case on the record. The question we address here is whether, prior to determining Bunting's guilt based on a submitted record, the court was obligated to advise her of certain constitutional rights as explained in *State v. Avila,* 127 Ariz. 21, 617 P.2d 1137 (1980). For the following reasons, we hold that the court should have advised Bunting of those rights and fundamentally erred in failing to do so. We therefore remand for further proceedings.

## BACKGROUND

¶ 2 In May 2007, Bunting pled guilty to theft, a class six felony, and was placed on probation for two years. In March 2008, the Maricopa County Probation Department arrested Bunting on a bench warrant for violating her probation. When asked if she had any weapons, Bunting directed officers to a handgun located in her bedroom. Bunting was subsequently charged with misconduct involving weapons, a class four felony. She disclosed a defense of guilty except insane.

¶ 3 On the day scheduled for trial, Bunting executed a waiver of trial by jury. The trial court questioned Bunting on the record and found that her jury waiver was made knowingly, intelligently, and voluntarily. As the court prepared to discuss the presentation of evidence, presumably for the evidentiary hearing on Bunting's insanity defense, defense counsel inquired whether the court intended to rule on Bunting's guilt or innocence. In response, the court noted it had received a stipulation[1] from the parties and then stated that on the basis of police reports submitted by the parties, it found Bunting guilty of misconduct involving weapons.

¶ 4 The court then conducted the hearing on Bunting's insanity defense and found that she failed to show by clear and convincing evidence she was insane at the time of the offense. Bunting was later sentenced to a presumptive term of four and a half years' imprisonment, and she timely appealed.

## DISCUSSION

¶ 5 Bunting argues the trial court erred in failing to advise her of certain constitutional rights, in violation of *Avila,* before it proceeded to determine her guilt solely on the basis of a submitted record.[2] Bunting, however, failed to raise this issue before the trial court and therefore has forfeited appellate review, absent fundamental error. *See State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). To prevail under this standard of review, a defendant must establish that: (1) error occurred; (2) the error is fundamental; and (3) the error caused the defendant prejudice. *Id.* at 568, ¶¶ 23–26, 115 P.3d at 608. Error is fundamental if it "goes to the foundation of [the] case, takes away a right that is essential to [the] defense, and is of such magnitude that [the defendant] could not have received a fair trial." *Id.* at ¶ 24, 115 P.3d 601. Evidence required to prove prejudice "varies, depending upon the type of error that occurred and

---

1. The only stipulation in the record is a document stating that Bunting was a prohibited possessor.

2. A "submitted record," or a "submission on the record," refers to a court's determination of guilt or innocence based solely on documentation provided by the parties. *See Avila,* 127 Ariz. at 22, 617 P.2d at 1138 (explaining that a defendant submitted his case on the record when the trial court determined his guilt or innocence on the basis of a preliminary hearing transcript and a departmental report); *State v. Widmer,* 116 Ariz. 415, 417, 569 P.2d 845, 847 (App.1977) (noting that in the submission context, "[g]uilt is determined solely on the evidence adduced at prior proceedings and any departmental reports submitted to the court").

the facts of a particular case." *Id.* at ¶ 26, 115 P.3d 601.

■ ¶ 6 Under current Arizona law, a trial court must inform a person accused of committing a crime of the rights he waives when submitting on the record. *See Avila,* 127 Ariz. at 24, 617 P.2d at 1140. In *Avila,* our supreme court addressed the rights of submitting defendants on facts similar to the instant case. The defendant there was charged with child molestation. *Id.* at 22, 617 P.2d at 1138. He executed a waiver of trial by jury and agreed to submit the determination of guilt or innocence to the court, based solely on transcripts of a preliminary hearing and a departmental report. *Id.* On the basis of this evidence, the defendant was found guilty. *Id.* On appeal, he argued that because his submission to the court was "tantamount to a guilty plea," he was entitled to "the entire litany of *Boykin*[3] rights." *Id.* The supreme court clarified the applicability of *Boykin* and abandoned the notion that courts must try to distinguish between submissions that are tantamount to a guilty plea and those that are not. *Avila,* 127 Ariz. at 23, 617 P.2d at 1139. Instead, independent of *Boykin,* the court formulated a list of six warnings that "must be afforded" a submitting defendant:

1. The right to a trial by jury where he may have representation of counsel;

2. The right to have the issue of guilt or innocence decided by the judge based solely upon the record submitted;

3. The right to testify in his own behalf;

4. The right to be confronted with the witnesses against him;

5. The right to compulsory process for obtaining witnesses in his favor;

6. The right to know the range of sentence and special conditions of sentencing.

*Id.* at 24–25, 617 P.2d at 1140–41. The court further concluded that the record, "as in any proceeding involving the surrender of constitutional rights," must show the waiver was "freely, intelligently, and voluntarily made" and that such waiver cannot be presumed from a silent record. *Id.* at 25, 617 P.2d at 1141. Recognizing the defendant in *Avila* had been advised of only "five of the six previously described warnings," the court remanded the case to the trial court to determine whether the defendant "was aware, prior to submission, of the possible range of sentence." *Id.*

■ ¶ 7 Notwithstanding our supreme court's clear holding, the State argues that Bunting was not entitled to an "*Avila* colloquy"[4] because she did not submit her case on the record. It is undisputed, however, that the trial court determined Bunting's guilt solely on the basis of police reports. The record before us reflects the following:

THE COURT: So do you want to proceed first [on the insanity defense]?

[DEFENSE COUNSEL]: Yes, Your Honor, but I think we first have to get through the guilt phase. Have you received the police reports?

THE COURT: I did.

[DEFENSE COUNSEL]: Have you made a finding on guilt yet?

THE COURT: I did ... The Court has reviewed the police report DR number ... [and] finds that there is evidence beyond a reasonable doubt that the defendant committed the offense of misconduct involving weapons, a class four felony. It is therefore the judgment of the Court that the defendant is guilty of that offense.

---

**3.** *Boykin v. Alabama,* 395 U.S. 238, 244 n. 7, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (requiring that a defendant pleading guilty be informed of "the nature of the charge, his right to a jury trial, acts which constitute the offense charged, and the permissible range of sentences") (quoting *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196, 197–98 (1968)).

**4.** Although the *Avila* court did not refer to the trial court's obligation to inform the defendant of

certain rights as a "colloquy," that term accurately describes the intended methodology of conveying the six warnings. *See* Black's Law Dictionary 281 (8th ed.2004) (defining colloquy as "[a]ny formal discussion, such as an oral exchange between a judge, the prosecutor, the defense counsel, and a criminal defendant in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights").

Thus, contrary to the State's assertion, Bunting submitted her case on the record.

¶ 8 The State further contends that a colloquy was not required because the trial court properly advised Bunting of her right to a jury trial and this was sufficient to accomplish the "intentional waiver of a known right." Although the record reflects that Bunting voluntarily and intelligently waived her right to a jury trial, this recital does not satisfy the need for a valid waiver on the issue of a submitted record. *See State v. Butrick,* 113 Ariz. 563, 566, 558 P.2d 908, 911 (1976) (recognizing the distinction between "just a waiver of a jury" and "the waiver of a jury and submission of the entire question of guilt or innocence to the court"); *see also State v. Porras,* 133 Ariz. 417, 420, 652 P.2d 156, 159 (App.1982) (rejecting State's argument that "waiver of jury entered prior to the first trial carries forward to the second trial after appeal" or that such a waiver would "cure the failure to waive other rights enumerated in *Avila* ").[5]

¶ 9 The State also suggests that our supreme court's decision in *State v. Allen,* 223 Ariz. 125, 220 P.3d 245 (2009), justifies the trial court's failure to advise Bunting of her rights under *Avila* because, according to the State, "neither *Boykin* or [Arizona] Rule [of Criminal Procedure] 17 colloquy is required in the absence of a guilty/no contest plea[,] or a stipulation to a prior conviction." In *Allen,* the defendant stipulated to two of the three elements of a marijuana offense and was convicted by a jury. *Allen,* 223 Ariz. at 126–27, ¶¶ 7–9, 220 P.3d at 246–47. On appeal, the defendant argued that his stipulation was the "practical equivalent of a guilty plea," and thus he should have been afforded a colloquy under *Boykin* and Rule 17 before the stipulation was read to the jury. *Id.* at 127, ¶ 12, 220 P.3d at 247. Rejecting the

defendant's position, the court first recognized that parties routinely stipulate to easily proven facts to promote judicial economy and that such stipulations, although binding on the parties, are not binding on jurors. *Id.* at ¶ 11, 220 P.3d 245. Citing *Avila,* the court confirmed that the "tantamount to a guilty plea" standard had been abandoned "nearly thirty years ago." *Id.* at 128, ¶ 15, 220 P.3d at 248. The court therefore held that "[w]hen a defendant pleads not guilty, but *stipulates* to elements of an offense, a trial court need not engage the defendant in a colloquy under *Boykin* or Rule 17." *Id.* at 129, ¶ 22, 220 P.3d at 249 (emphasis added).

¶ 10 The court in *Allen,* however, gave no indication that it intended to limit or overrule *Avila*'s application to submitting defendants. *Allen* plainly addressed stipulating defendants, recognizing that "nothing in Rule 17 requires a trial court to engage a stipulating defendant in a formal plea colloquy." *Id.* at ¶ 20, 220 P.3d 245. We therefore reject the State's suggested interpretation of *Allen,* which involved only a defendant's *stipulation* to elements of a criminal offense, not a *submission* by a defendant of the entire issue of guilt or innocence, as occurred here.[6] We conclude that the trial court in this case was obligated to follow *Avila,* which requires that six warnings be provided to a submitting defendant prior to a determination of the defendant's guilt or innocence. *Avila,* 127 Ariz. at 24–25, 617 P.2d at 1140–41.

¶ 11 On the record before us, we are compelled to find that the trial court's failure to conduct a colloquy with Bunting to ascertain whether her submission on the record was freely, intelligently, and voluntarily made constitutes fundamental error. *Cf. State v. Morales,* 215 Ariz. 59, 61, ¶ 10, 157 P.3d 479, 481 (2007) (finding that a failure to

5. Nor does the evidentiary hearing conducted on Bunting's insanity defense support the State's contention that she knowingly waived her rights. Although Bunting presented evidence and cross-examined the State's witnesses in that hearing, she did so after the court had already determined she was guilty of misconduct involving weapons.

6. Although the stipulations made by the defendant in *Allen* narrowed most of the issues to be considered by the jury on the marijuana charge,

he was still given the opportunity to call witnesses in his defense as well as to cross-examine the State's witnesses, and the State had to prove the third element of the marijuana possession charge. *State v. Allen,* 220 Ariz. 430, 434, ¶ 19, 207 P.3d 683, 687 (App.2008), *vacated on other grounds by Allen,* 223 Ariz. at 129, ¶ 22, 220 P.3d at 249. Here, nothing in the record indicates that Bunting was advised of her opportunity to exercise those rights.

conduct a colloquy pursuant to Arizona Rule of Criminal Procedure 17.6 constitutes fundamental error because "a waiver of constitutional rights must be voluntary and intelligent"); *State v. Geeslin,* 221 Ariz. 574, 578, ¶¶ 14–15, 212 P.3d 912, 916 (App.2009) (finding that if a defendant is sentenced as a repeat offender, a court's failure to find prior felony convictions or to obtain a voluntary and intelligent admission pursuant to Rule 17.6 constitutes fundamental error), *vacated in part on other grounds by State v. Geeslin,* 223 Ariz. 553, 225 P.3d 1129 (2010). However, Bunting's conviction should be vacated only if she demonstrates prejudice, which may be achieved by showing she would not have agreed to submit her case on the record had the proper colloquy been given. *See Morales,* 215 Ariz. at 62, ¶ 11, 157 P.3d at 482 (holding that a defendant denied a colloquy under Rule 17.6 must prove prejudice by establishing that he would not have admitted the fact of a prior conviction if a colloquy had been conducted). Accordingly, we remand to the trial court for an evidentiary hearing to determine whether Bunting would have agreed to submit her case to the judge if a proper colloquy had been conducted. *See Avila,* 127 Ariz. at 25, 617 P.2d at 1141.

¶ 12 If the trial court finds that Bunting would not have agreed to submit her case under the circumstances, the court is instructed to vacate the conviction and grant her a new trial. *See State v. Carter,* 216 Ariz. 286, 292, ¶ 27, 165 P.3d 687, 693 (App. 2007) (holding that if, on remand, the defendant could prove he was prejudiced by the trial court's failure to engage in a Rule 17.6 colloquy, his sentence must be vacated and the defendant must be resentenced). In the alternative, if the court determines that Bunting would have agreed to submit her case if a proper colloquy had been conducted, Bunting's conviction and sentence are affirmed.

## CONCLUSION

¶ 13 Because the record does not reflect that Bunting was properly advised of the rights she would be forfeiting by submitting her case to the trial court, we remand for further proceedings consistent with this decision.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and JOHN C. GEMMILL, Judge.