NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*

*v.*

LEON SAJNA, *Appellant.*

No. 1 CA-CR 12-0797
FILED 5-15-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR 2012-134538
The Honorable John R. Ditsworth, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

**T H U M M A**, Judge:

¶1        Defendant Leon Sajna appeals from his drug-related convictions and resulting prison sentences and probation grants, arguing the superior court improperly found he agreed to submit the case for decision based on Exhibit 1 without a contested trial. Because the record does not contain a waiver by Sajna of his right to a contested trial, his convictions and resulting sentences and probation grants are vacated and this matter is remanded to the superior court for a new trial.

**FACTS AND PROCEDURAL HISTORY**

¶2        Sajna was charged with six methamphetamine and marijuana-related felonies, alleged to have occurred on June 28, 2012, the most serious of which were two Class 2 felonies involving sale or transportation of dangerous drugs and possession of dangerous drugs for sale. On the morning of trial, Sajna, his attorney and the prosecutor signed a Waiver of Trial by Jury as contemplated by Form 20 of the Arizona Rules of Criminal Procedure and submitted the waiver to the court. The waiver did not address or waive Sajna's right to a contested trial or contain an agreement to submit the case for decision on the record.

¶3        On the morning of trial, after counsel made their appearances and Sajna told the court his name, the following occurred:

> [THE COURT]: Mr. Sajna, I've been given a form, which is a waiver of trial by jury. Is this your signature, sir?
>
> A.      It is.
>
> Q.      Have you had an opportunity to talk to your attorney about this?
>
> A.      I have.

[THE COURT:] I have signed the waiver of jury trial.

THE COURT: At this time, does the prosecution have an exhibit it wishes to [offer]?

[PROSECUTOR]: I do, Your Honor.

[DEFENSE COUNSEL]: Your Honor, we have no objection to that. I saw it earlier. We stipulate to its admission.

[PROSECUTOR]: Do you need it marked?

THE COURT: Let me take a look at it.

[PROSECUTOR: It contains] . . . the indictment, police report, lab results and a photograph at the end.

THE CLERK: We're going to mark this as an admitted exhibit or just marking it?

[PROSECUTOR]: Your Honor, I apologize, I've never gone through this process before. Is there any kind of colloquy that needs to be done on the waiver of jury trial?

THE COURT: No. That's why I just asked him if that was his signature and he signed it.

All right. Then what I'm going to do is, I will admit the exhibit [designated Exhibit 1], I will take the matter under advisement. I'm going to review it and we will set a date for my findings and if necessary a sentencing in about two weeks.

[DEFENSE COUNSEL]: I think we have . . . [December] 18th as the date. The only other issue is, I talked to the prosecutor, we are not going to have an aggravation hearing. Because this is a trial, there would need to be an aggravation hearing, but we are not going to have one, so --

[PROSECUTOR]: That's correct. That's based on my understanding. And I believe the Court would agree that aggravating factors can be used – aggravating factors not proven can be used to counter or mitigate so long as the sentence does not exceed the presumptive.

THE COURT: You're going to give me the material I need regarding his military background and his family?

[DEFENSE COUNSEL]: Yeah. I can get that, Your Honor.

THE COURT: We'll see everybody on the 18th.

BAILIFF: At 8:30 or do we want it later?

THE COURT: It's just -- technically it's a sentencing.

BAILIFF: 8:30 then, that's fine.

THE COURT: Thank you, folks.

(Matter concludes).

The transcript is three written pages and the corresponding Minute Entry states the hearing lasted four minutes. The Minute Entry also states the court advised Sajna "of the right to trial by jury," that he "waives trial by jury and agrees to submit the matter to the Court based on the items indicated on the record" and that the court took the matter under advisement.

¶4        The sentencing Minute Entry states that Sajna "knowingly, intelligently and voluntarily waived the right to a trial by jury and was found guilty [as charged] after a trial to the Court by submission," each conviction being a non-dangerous, non-repetitive offense.[1] The superior

---

[1] The record on appeal does not include the transcript from sentencing. Although the State timely alleged Sajna had one historical non-dangerous felony conviction (for possession of marijuana, a class 6 felony, in

court sentenced Sajna to four concurrent flat-time prison terms, the longest of which was five years, with appropriate presentence incarceration credit. For the remaining two counts, the superior court ordered concurrent three-year probation grants to begin on Sajna's absolute discharge from prison. From Sajna's timely appeal, this court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2014).[2]

## DISCUSSION

¶5        Sajna argues the superior court improperly found he agreed to submit the case for decision based on Exhibit 1 without a contested trial and that the appropriate remedy is reversal and remand for a new trial. It is undisputed that the superior court did not conduct the colloquy required by Arizona Rule of Criminal Procedure 17.2 before finding Sajna agreed to submit the case to the Court for decision on the record and without a contested trial. The question then becomes the appropriate consequence, with the State's answering brief capturing the parties' positions, noting Sajna:

> argues that he is entitled to reversal because the court accepted his submission of the case on a stipulated record without first giving him the advisements the Arizona Supreme Court prescribed four decades ago. However, . . . remand for further development of the record is the prescribed remedy for this type of error. [citations omitted] The trial court's failure to address [Sajna] does not warrant resort to this remedy because the expanded record demonstrates that he had learned from other sources the information [the judge] did not discuss in open court.

Maricopa County Superior Court on September 8, 2009), Sajna was convicted and sentenced as a non-repetitive offender in this case.

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

Arizona's appellate courts have not always spoken with one voice on these and related issues.[3] Some undisputed concepts, however, can be identified.

**¶6**        Faced with felony charges, Sajna had a fundamental right to a contested jury trial under the Sixth Amendment of the United States Constitution and Article 2, Section 23, of the Arizona Constitution. *State v. Butrick*, 113 Ariz. 563, 565, 558 P.2d 908, 910 (1976). Among others, Sajna also has a constitutional right "to be confronted with the witnesses against him," U.S. Const. amend. VI, and "to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses," Ariz. Const. art 2, § 24. To be valid, any waiver of these rights must be the intentional relinquishment of known rights that is made knowingly, voluntarily and intelligently. *See State v. Conroy*, 168 Ariz. 373, 375, 814 P.2d 330, 332 (1991); *see also* Ariz. Const. art. 6, § 17. This court "cannot presume a waiver" of such rights "from a silent record." *Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (superseded on other grounds); *accord State v. Ward*, 211 Ariz. 158, 162 ¶ 13, 118 P.3d 1122, 1126 (App. 2005) (citing *Boykin*, 395 U.S. at 243). Similarly, by definition, before addressing whether any waiver is valid, there must first be a waiver.

**¶7**        The record in this case contains no written agreement signed by or on behalf of Sajna in which he waived his right to a contested trial and agreed to submit the case for decision on the record. The Form 20 Sajna signed addressed a waiver "of trial by jury;" it did not discuss or purport to waive the right to a contested trial or agree to submit the case for decision on the record. In fact, by stating that Sajna could not change his jury trial waiver "at all once the trial has actually begun," the Form 20 indicates that a contested trial would be held, with the court (rather than the jury) hearing testimony and argument and then making a decision.

---

[3] Noting its duty of candor to the tribunal, the State cites opinions by this court holding that a failure to conduct a colloquy regarding a jury trial waiver to obtain a knowing, intelligent and voluntary waiver "requires automatic reversal." *See State v. Becerra*, 231 Ariz. 200, 204 ¶ 12, 291 P.3d 994, 998 (App. 2013); *State v. Innes*, 227 Ariz. 545, 546 ¶ 5, 260 P.3d 1110, 1111 (App. 2011); *State v. Baker*, 217 Ariz. 118, 119-20 ¶ 6, 170 P.3d 727, 728-29 (App. 2007*); State v. Le Noble*, 216 Ariz. 180, 184 ¶ 19, 164 P.3d 686, 690 (App. 2007). Although the State argues those cases "improperly conflate" rules violations with the deprivation of a constitutional jury trial right, this court need not address or decide that argument given the resolution of this appeal on other grounds.

Moreover, the Form 20 did not address the constitutional rights Sajna would be giving up if he waived his right to a contested trial and submitted the case for decision on the record, such as his right to testify, to confront witnesses and to use the court's power to compel the attendance of witnesses at trial. *See* Ariz. Const. art 2, § 24. In short, in the Form 20, Sajna did not waive his right to a contested trial or agree to submit the case for decision on the record.

¶8        The trial transcript does not contain any statement by Sajna that he wished to waive his right to a contested trial and wished to submit the case for decision on the record. The court's two questions to Sajna were limited to "a waiver of trial by jury." There was no discussion about the constitutional rights Sajna would be waiving by giving up his right to a contested trial and submitting the case for decision on the record. Indeed, other than telling the court his name and that he had signed the Form 20, Sajna was silent during the entire hearing. Given this lack of any waiver by Sajna of his right to a contested trial and the lack of any evidence at the hearing that Sajna wished to submit the case for decision on the record, there is no record support for the conclusion in the resulting Minute Entry that he "agree[d] to submit the matter to the Court based on the items indicated on the record."

¶9        Sajna's counsel did not object to the process at trial. The State asks this court to find, based on the record on appeal, that Sajna knew of the rights he was waiving in submitting the case for decision on the record and waiving his right to a contested trial. The record on appeal, however, does not contain any statement of any type by or on behalf of Sajna that he wished to waive his right to a contested trial and wished to submit the case for decision on the record, a prerequisite to addressing whether the record shows that he knew of the resulting consequences. This court "cannot presume a waiver" of such rights "from a silent record." *Boykin*, 395 U.S. at 243.

¶10        In *State v. Avila*, the defendant signed "a 'Waiver of Trial By Jury' and agreed to submit the determination of guilt or innocence to the court, based solely upon the transcripts of the preliminary hearing and the departmental report." 127 Ariz. 21, 22, 617 P.2d 1137, 1138 (1980). Given defendant's waiver and agreement to submit the matter to the superior court, when the record on appeal reflected a deficiency in the colloquy regarding the possible length of sentence, the Arizona Supreme Court remanded for "an evidentiary hearing . . . to determine whether [defendant] was aware, prior to submission, of the possible range of sentence." *Id.* at 25, 617 P.2d at 1141. As applied here, however, there is no

statement of any type by Sajna that he wished to waive his right to a contested trial and "to submit the determination of guilt or innocence to the court" based on the record, *id.* at 22, 617 P.2d at 1138, meaning the *Avila* remand does not apply to the unique facts of this case.

**¶11** In *State v. Offing*, the Arizona Supreme Court considered a defendant's claim "that his waiver of a jury trial and submission of . . . [the] case to the trial court on the basis of the preliminary hearing transcript and police report was not knowingly, voluntarily and intelligently made." 113 Ariz. 287, 288, 551 P.2d 556, 557 (1976). In that comparable setting, *Offing* found the record did "not affirmatively show that Offing knew he was giving up the right to testify in his own behalf, to call any witness, offer any further evidence and that the whole issue of his guilt or innocence of the offense charged was to be made upon the preliminary hearing transcript." 113 Ariz. at 289, 551 P.2d at 558. On that record, *Offing* held that defendant's "conviction on both counts must, therefore, be reversed." *Id.* This same analysis applies to the unique facts of this case, where there is no statement of any type by Sajna that he wished to waive his right to a contested trial and submit the case for decision on the record. Accordingly, Sajna's convictions and resulting sentences and probation grants must be reversed. *Id.* at 289, 551 P.2d at 558.[4]

## CONCLUSION

**¶12** Sajna's convictions and resulting sentences and probation grants are vacated and this matter is remanded for a new trial.



Ruth A. Willingham - Clerk of the Court
F I L E D : MJT

---

[4] Having vacated the convictions, this court need not address whether Sajna properly waived his right to a jury trial, leaving for the superior court to consider any such waiver on remand. *See State v. Porras*, 133 Ariz. 417, 420, 652 P.2d 156, 159 (App. 1982) (rejecting State's argument that "waiver of jury entered prior to the first trial carries forward to the second trial after appeal"); *see also State v. Bunting*, 226 Ariz. 572, 576 ¶ 8, 250 P.3d 1201, 1205 (App. 2011).