NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NASBAH LILLIAN TODDY, *Appellant.*

No. 1 CA-CR 16-0636
FILED 9-12-2017

Appeal from the Superior Court in Maricopa County
No. CR2014-117766-001
The Honorable Lisa Ann VandenBerg, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Randall M. Howe and Judge Kent E. Cattani joined.

**B E E N E**, Judge:

**¶1**     The superior court found Nasbah Lillian Toddy ("Toddy") guilty of four crimes based on a submitted record. Toddy appeals her convictions and sentences, arguing that the superior court erred in failing to advise her that by agreeing to submit the case to the court on the record, she was waiving her right to confront witnesses against her. The State concedes error, and we reverse and remand for an evidentiary hearing to determine (1) whether Toddy knew of her right to confront the State's witnesses, and, if not, (2) whether she would have submitted the issue of her guilt or innocence on the record if the court had advised her of that right during its colloquy.

## FACTS AND PROCEDURAL HISTORY

**¶2**     Toddy was indicted on two counts of aggravated driving while under the influence ("DUI"), one count of unlawful flight from a law enforcement vehicle, and one count of criminal damage. Toddy agreed to waive her right to a jury trial and submit the issue of her guilt or innocence to the court based on the submitted evidence. The court questioned Toddy about her decision and informed her of several rights she would be forfeiting by waiving her right to a jury trial. After reviewing the parties' stipulations and the documents admitted into evidence, the court found Toddy guilty on all counts. The court suspended the imposition of sentence on each count and placed Toddy on concurrent terms of three years' probation, the conditions of which included a four-month term of incarceration for the DUI convictions.

**¶3**     Toddy timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and –4033(A)(1) (2017).[1]

---

[1]     Absent material revision after the date of an alleged offense, we cite a statute's current version.

## DISCUSSION

**I.     The Superior Court Failed to Inform Toddy of Her Confrontation Clause Right, Constituting Fundamental Error**

¶4      Toddy argues that the superior court failed to advise her of her constitutional right to confront the witnesses against her before waiving her right to a jury trial and determining guilt solely on the basis of a submitted record.

¶5      A defendant's waiver of a jury is valid only if it is knowing, voluntary, and intelligent. *State v. Innes*, 227 Ariz. 545, 546, ¶ 5 (App. 2011). Additionally, the superior court must inform a defendant of the rights she waives when submitting on the record. *State v. Avila*, 127 Ariz. 21, 24 (1980). The following six warnings "must be afforded" a submitting defendant:

> 1. The right to a trial by jury where he may have representation of counsel;
>
> 2. The right to have the issue of guilt or innocence decided by the judge based solely upon the record submitted;
>
> 3. The right to testify in his own behalf;
>
> 4. The right to be confronted with the witnesses against him;
>
> 5. The right to compulsory process for obtaining witnesses in his favor;
>
> 6. The right to know the range of sentence and special conditions of sentencing.

*Id.*, 127 Ariz. at 24-25.

¶6      The following colloquy took place regarding Toddy's waiver of her right to a jury trial and the submission of the case to the court:

> THE COURT:  And you understand that you do have the constitutional right to have a trial.  You could call your own witnesses, the Court would subpoena people for you, because you are presumed innocent.  You'd have to have the State prove your guilt beyond a reasonable doubt.  You'd get to present your own evidence and witnesses.  You could testify

if you wanted to, but you do not have to, and your silence couldn't be used against you.

You would have the right to have your attorney during the whole trial and all other proceedings, and you would have the right to have a jury determine any fact that might aggravate your sentence. Also – well, and actually forget that last part.

So if you had a trial, you would have all of those rights. Do you understand that?

TODDY: Yes.

THE COURT: Do you understand by submitting to the Court, that you're giving up your rights to the jury trial?

TODDY: Yes.

The record supports Toddy's assertion that the court failed to properly advise her of the right to confront the State's witnesses.

¶7            Toddy, however, failed to raise this issue before the superior court and therefore has forfeited appellate review absent fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). A court's failure to conduct a colloquy to inform a defendant who submits on the record of the six *Avila* warnings constitutes fundamental error. *State v. Bunting*, 226 Ariz. 572, 576–77, ¶¶ 10-11 (App. 2011). Here, the superior court committed fundamental error because it did not inform Toddy that, by waiving her right to a jury trial, she had waived her constitutional right to confront the State's witnesses.

## II.      Remand for Evidentiary Hearing

¶8            When a court fails to inform a defendant by colloquy of each constitutional right he or she will be forfeiting, the proper remedy is to remand to the court to determine whether the defendant "would have agreed to submit her case to the judge if a proper colloquy had been conducted." *Bunting*, 226 Ariz. at 577, ¶ 11; *see State v. Crowder*, 155 Ariz. 477, 479 (1987) ("When the defendant claims his plea was unknowing and therefore involuntary, the question is not simply what the defendant was told in court but what he knew from any source.").

¶9 On remand, if the superior court finds that Toddy did not know of her right to confront witnesses from any source and would not have agreed to submit her case to the court if she knew of this right, the court must vacate the conviction and grant her a new trial. *See Bunting*, 226 Ariz. at 577, ¶ 12 (App. 2011). If, however, the court finds that she still would have agreed to submit her case, then her convictions and sentence will be affirmed. *Id.*

## CONCLUSION

¶10 Because the record does not reflect that Toddy was properly advised of the rights she would be forfeiting by submitting her case to the superior court, we reverse and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA